[No. 1354.  Decided February 15, 1895.]

CHARLES T. WOODING, *Respondent*, v. OSCAR L. CRAIN, *Appellant*.

ATTORNEYS' LIEN — PAYMENT OF JUDGMENT — WHEN FREE OF LIEN.

Although a judgment debtor may have notice of a lien claimed by the attorney for the adverse party, such judgment debtor has a right to pay the amount of the judgment into court to be thereafter disbursed to the proper parties entitled thereto, and such payment would discharge all his obligations under the judgment and lien.

The fact that an attorney had perfected his lien against a judgment in the superior court, from which an appeal had been taken, would not, when notice of lien had not been filed with the clerk of the supreme court, preclude that officer from disbursing the amount paid on the judgment entered in the supreme court, free of all claim of lien.

*Appeal from Superior Court, Chehalis County.*

On motion to set aside satisfaction of judgment entered in supreme court.

*J. C. Cross*, for appellant.

*Hogan & McGerry*, for respondent.

The opinion of the court was delivered by

GORDON, J.— This case was originally tried in the superior court of Chehalis county, where a judgment

was rendered for the plaintiff Wooding and against defendant Crain; and subsequently, upon appeal to this court, the judgment entered therein was affirmed. 10 Wash. 35 (38 Pac. 756). Subsequently, and on November 24, 1894, the amount of the judgment was paid to the clerk of this court in the form of drafts and checks, pursuant to a stipulation between the parties to the action filed with the clerk, by the terms of which the clerk was directed to receive said drafts and checks in lieu of money; and on the same day the plaintiff and respondent received from the clerk the drafts and checks aforesaid in full payment and satisfaction of said judgment.

This is a proceeding on the part of Messrs Hogan & McGerry, who were attorneys for the plaintiff and respondent in both courts, and who filed liens for the amount of their compensation as attorneys for services rendered in this cause with the clerk of the superior court, to set aside the satisfaction of judgment entered in this court to the extent of their said liens — being two in number and aggregating $736 — and permit execution to issue upon the said judgment to satisfy said liens. Attached to, and made a part of the affidavit upon which the present application is based, are copies of the liens filed with the clerk of the superior court; and it also appears that the judgment debtor had been duly notified of the filing of said attorneys' liens.

Sec. 101, of the Code of Procedure provides:

"An attorney has a lien for his compensation, whether specially agreed upon or implied, as hereinafter provided, . . . 3. Upon money in the hands of the adverse party in an action or proceeding, in which the attorney was employed, from the time of giving notice of the lien to that party. 4. Upon a judgment to the extent of the value of any services per-

formed by him in the action, or if the services were rendered under a special agreement, for the sum due under such agreement, *from the time of filing notice of such lien or claim with the clerk of the court in which such judgment is entered,* which notice must be filed with the papers in the action in which such judgment was rendered, and an entry made in the execution docket, showing name of claimant, amount claimed, and date of filing notice."

It is apparent from an examination of the affidavits that the plaintiff and respondent has been guilty of bad faith in his dealings with the attorneys here seeking to enforce their liens, and if we could find it within the power of the court to grant this application, we would most willingly do so. An examination of the question, however, leads us to conclude that it was the right of the judgment debtor to pay the amount of such judgment into court, to be thereafter disbursed to the proper parties entitled thereto, and that such payment completely and fully discharged all the obligations which such judgment created against him. Had the moving parties filed and perfected their liens with the clerk of this court, there would be no occasion for the present proceeding. Having failed to do so, we are of the opinion that the application must be denied.

HOYT, C. J., and DUNBAR and SCOTT, JJ., concur.