[No. 3582.    Decided December 14, 1900.]

H. F. GRANT, *Respondent, v.* C. A. COLE, *as Sheriff, et al.,*
*Appellants.*

INJUNCTION—WHEN    LIES—RESTRAINING WRONGFUL LEVY.

Injunction will lie to restrain proceedings under an execution
improvidently issued, or wrongfully levied, when that affords a
more complete and speedy remedy than that afforded by an ac-
tion at law.

JUDGMENT    OF    JUSTICE    OF    PEACE—TRANSCRIPT    IN    SUPERIOR
COURT—EXECUTION.

An execution against personal property may be issued out of
the superior court, upon a judgment rendered before a justice of
the peace, when certified to, and filed with, the clerk of the super-
ior court, since, under the provisions of Bal. Code, § 5136, it is
declared that "upon such filing said judgment shall become to
all intents and purposes a judgment of said superior court," and
§ 5192, Id., declares that execution may issue on any judgment
given or entered in any court of record.

SAME—CONSTITUTIONAL LAW—TITLE OF ACT.

A provision in an act on the subject of filing transcripts in
the superior court of judgments rendered in the courts of jus-
tices of the peace, is not without the title of an act "Relating to
liens of judgments on real estate," when the act refers to the
official code and legislates upon the same subject matter therein
contained in relation to judgments in courts of record.

Appeal from Superior Court, Spokane County—Hon.
WILLIAM E. RICHARDSON, Judge.    Reversed.

*Buck & Craven,* for appellants.

*Harris Baldwin,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—In June, 1894, appellant (defendant)
Jordan recovered judgment before a justice of the peace,
against respondent (plaintiff) in the sum of $76.45.    In
April, 1899, a certified transcript thereof was filed in the

office of the clerk of the superior court. Appellant thereafter had such judgment revived in the superior court. Upon the revived judgment execution was issued in October, 1899, and under such execution the sheriff levied upon certain personal property belonging to respondent. Respondent thereafter brought this suit to restrain the sheriff and Jordan from proceeding further under the execution, and prayed that the judgment and the revival thereof in the superior court be adjudged void. The complaint alleged irregularities in the filing of the certified transcript of the judgment in the superior court, and also that the judgment against him in the justice's court was obtained without notice to plaintiff; further, that the personal property levied upon by the sheriff was the property of the community consisting of plaintiff and his wife, and that the debt upon which the judgment was founded was the separate debt of plaintiff. It was also alleged that plaintiff was a farmer, and had duly listed all his property for the information of the sheriff, and claimed the property levied upon was exempt from execution. The material allegations of the complaint were put in issue by the answer. The record brought here consists of the pleadings, findings of fact, and conclusions of law and decree. The findings of fact recite that there was documentary evidence offered and admitted on the part of the plaintiff; that no evidence was offered by defendants. The court found that the judgment in the justice's court was a valid one; that a duly certified transcript thereof was filed with the clerk of the superior court; that the judgment was afterwards duly revived, and the lien thereon continued; that execution was issued upon the judgment from the superior court and certain personal property levied upon by the sheriff thereunder. Upon the facts thus stated, the superior court found, as conclusions of law, that that

court had no jurisdiction to grant an execution upon the judgment against personal property, and that the execution was void to the extent that it warranted the sheriff in levying upon the personal property of the plaintiff; and the decree restrained the sheriff from levying upon the personal property.

1. Appellants maintain that injunctive relief cannot be obtained in this suit; that respondent did not seek the proper remedy; that he should have instituted an action at law, or by motion to quash the execution. There is no doubt but that execution irregularly or improvidently issued, or issued upon a void judgment, may be reached by, motion to quash made in the court where issued. 8 Enc. Pl. & Pr. 459, and authorities cited. And for a wrongful levy doubtless replevin or conversion will lie. But upon the issues raised in the pleadings here, the more adequate and speedy remedy has been pursued. This court has followed a liberal rule in determining upon their merits suits of this character. In *Powell v. Pugh,* 13 Wash. 577 (43 Pac. 879), a suit by husband and wife to enjoin a levy upon community personal property was determined upon its merits. In *Phelan v. Smith,* 22 Wash. 397 (61 Pac. 31), an equitable action was heard to enjoin the treasurer of Spokane county from selling personal property for the satisfaction of personal property taxes levied thereon. It was said in that case, referring to the remedy:

"Passing some minor technical objections to the form of the complaint, * * * the appellant's first contention is that the complaint does not state facts sufficient to constitute a cause of action, for the reason that equity will not interfere in such case by injunction, but will leave the party to his rights, if he have any, under the law. Without going into an analysis of the cases on this proposition, we think, under modern authority, the facts stated

in the complaint bring it within equitable jurisdiction. Incompleteness and inadequacy of the legal remedy are what determine the right to the equitable remedy of injunction, and we do not think, conceding the allegation of the complaint to be true, that respondent could obtain complete and adequate relief by law. Nor would any good purpose be subserved by allowing this property to be wrested from the possession of the respondent, and relegating him to an action for damages.   *   *   *   This point was also raised by the county in its brief in *Mills v. Thurston County,* 16 Wash. 378 (47 Pac. 759), and, while not noticed in the opinion, this court tacitly acknowledged the jurisdiction by deciding the case upon the merits."

Equitable relief was granted against the collection of a tax in the case of *Ridpath v. Spokane County, ante,* p. 436. Some of the issues stated in the complaint in this cause seem to be appropriately referred to equity.

2. The superior court did not find upon all the issues presented in the pleadings. The findings go no further than the validity of the judgment in the justice's court and its proper certification to the superior court, and the conclusions of law were confined to these facts. The court concluded that the judgment of the justice of the peace, when certified and filed with the clerk of the superior court, affected only real estate; that the purpose of the statute was to effect a lien upon the realty of the defendant, and that execution could not issue upon the judgment against personal property. The transcript from the justice's court was certified and filed in accordance with § 5136, Bal. Code. It will be observed that the statute declares that "upon such filing said judgment shall become to all intents and purposes a judgment of said superior court of said county." Sections 5137 and 5139 direct the record of the proper entries in the superior court, and § 5140 directs where the entry of satisfaction of such

35—23 WASH.

judgment shall be made. Section 5192 declares that execution may issue on any judgment given or entered in any court of record. It is not disclosed in the record whether execution had issued from the justice's court upon the judgment entered there, so there is presented no question of that nature, as argued by counsel. The above sections of Ballinger are taken from the statute of 1893 (Laws 1893, p. 65). In the act of 1893 there is an express repeal of § 455, 2 Hill's Code. The section in Hill's Code provided that any party having a judgment upon a justice's docket, upon which an execution has been returned unsatisfied and no property found, might have a transcript of such judgment and return filed in the superior court. Considering the later statute together with the repeal of § 455, *supra,* there is some implication that the requirement of first issuing an execution from the justice's court was intentionally omitted. The objection of counsel for respondent that the title to the law of 1893, which is, "Relating to liens of judgments on real estate," is too narrow to include the subject matter of the filing of the transcript provided for in the body of the act, loses much force when it is considered that the act of 1893 specially refers to and legislates upon the same subject matter and repeals § 455 and other sections of Hill's Code relating to judgments in courts of record. It is noted that some of the authorities cited by counsel for respondent are from states where it was required that an execution first issue from the justice's court and be returned unsatisfied, before the transcript could be filed in the superior court. In other states, instead of issuing an execution out of the justice's court and having it returned *nulla bona,* an affidavit is required that the judgment has not been paid. But the statute of 1893 omits such requirements, and declares the judgment in the superior

court when the transcript is filed. We are satisfied that, upon the proper filing of the certified transcript from the justice's court and its entry by the clerk of the superior court, under the plain language of the statute, the judgment of the justice's court then becomes to all intents and purposes the judgment of the superior court, and execution may thereafter issue from the superior court as in the case of executions upon other judgments. It would seem apparent that, upon the filing of the certified copy from the justice of the peace, the powers of the justice's court are ended, and any further proceedings in the cause must be taken in the superior court.

These considerations are conclusive of the case, and, for the error determining the execution void and the want of jurisdiction of the court to issue the writ against personal property, the judgment is reversed and remanded for further proceedings in accordance with this opinion.

DUNBAR, C. J., and FULLERTON and ANDERS, J J., concur.