[No. 8219. Department One. February 4, 1910.]

## CLINE PIANO COMPANY, *Appellant*, v. BENJAMIN W. SHERWOOD *et al.*, *Respondents.*[1]

EXECUTION—INVALID WRIT—INJUNCTION—REMEDY AT LAW. A party whose property is seized on an invalid writ of execution has his choice of remedies, and the fact that he has a remedy at law to quash the execution or recover the property, will not bar his remedy in equity by injunction, since it is more speedy and efficacious to obviate a lien pending trial on the merits.

ATTORNEY AND CLIENT—CONTROL OF LITIGATION—SETTLEMENT BY CLIENT. An agreement between the parties to an action for a dismissal, without costs, is effective as a settlement without a formal order of dismissal; since the parties may settle and satisfy the debt pending entry of the judgment.

ATTORNEY AND CLIENT—LIEN—JUDGMENT—ENTRY—NECESSITY. An attorney's lien on a judgment cannot attach upon the oral announcement of the decision at the conclusion of the trial, but a written judgment must be formally entered, under Rem. & Bal. Code, § 136, authorizing an attorney's lien upon a judgment rendered, to the extent of the value of his services in the action, "by the filing of a notice of lien to be entered on the execution docket" (CHADWICK, J., dissenting).

ATTORNEY AND CLIENT—SETTLEMENT OF ACTION—FRAUD UPON ATTORNEY. A settlement of a pending action by the parties will not be set aside because it defeats an attorney's lien for services, where the evidence does not warrant a finding of collusion and fraud on the part of the parties, taking into consideration a counterclaim set up in good faith and the fact that the law favors settlements.

Appeal from a judgment of the superior court for King county, Morris, J., entered March 22, 1909, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action to vacate a judgment and enjoin the sale of property under execution. Reversed.

*Roberts, Battle, Hulbert & Tennant*, for appellant.

*Leroy V. Newcomb* and *Frank P. Rutherford*, for respondents.

[1]Reported in 106 Pac. 742.

Gose, J.—On the 13th day of February, 1907, the taking of testimony having been concluded in that certain case wherein R. L. Burton et al. were plaintiffs and the Cline Piano Company was defendant, the Honorable Boyd J. Tallman, a judge of the superior court in King county, announced from the bench that he would render a judgment in favor of the plaintiffs for the sum of $171.25. No judgment was at that time formally entered. On February 14, Burton's attorneys, Sherwood & Mansfield and Percy F. Thomas, respondents in the present action, filed the following document, intending it to be a lien on the judgment:

"Come now the attorneys of record for the plaintiff and for one of the defendants, Mrs. R. L. Burton, in the above entitled action, and claim a lien upon the judgment entered in the above entitled action, in the sum of sixty (60) dollars, being the balance due for services rendered as such attorneys for the plaintiff and said defendant, Mrs. R. L. Burton, from the commencement of the case until after said judgment was rendered."

On March 18, 1907, Burton and the Cline Piano Company settled their differences without the intervention of their attorneys, and in consideration of the sum of $40 Burton made and delivered the following satisfaction:

"For and in consideration of the sum of $40 gold coin to him paid, the receipt whereof is hereby acknowledged, R. L. Burton, the plaintiff above named, hereby acknowledges full payment and satisfaction of all his claim against the defendant Cline Piano Company, arising out of the above-entitled action, and hereby agrees that said action shall be dismissed without costs to the said defendants and that no judgment be entered against said defendant in said action.
                              "R. L. Burton, Plaintiff."

This satisfaction was filed with the clerk on the date of its execution. Thereafter, on June 8, 1907, it being ascertained that judgment had not been entered, Judge Tallman signed and caused to be entered a formal written judgment. On June 15, a lien was filed against the judgment in

the sum of $60 by the attorneys, respondents here, at which time they also released the judgment to the extent of $111.25, leaving a balance due of $60, and caused execution to be issued thereon; whereupon appellant began this action to restrain the enforcement of the execution and to compel a satisfaction of the judgment.

It is first urged that, appellant has mistaken its remedy; that it should have moved the court to recall and quash the execution issued in the pending action, or pursued its remedy at law to recover any property that might have been levied upon; that either of these remedies was adequate, and therefore barred the jurisdiction of equity. Unquestionably there is substantial authority to sustain this contention. But the authorities are divided, and we think this court has committed itself to the doctrine that a party whose property is about to be seized upon an invalid or·void writ may have his choice of remedies. *Grant v. Cole*, 23 Wash. 542, 63 Pac. 263.

The rule is recognized, but not discussed, in the later case of *Heintz v. Brown*, 46 Wash. 387, 90 Pac. 211, 123 Am. St. 937. It is true that equity will not usually interfere when there is an adequate remedy at law. But this court has defined that term. It does not mean that the writ shall be denied because there is a remedy at law, but that it will be granted if it appears to be the more speedy and efficacious remedy. Being· a preventative writ, it is issued in such cases to obviate a lien that would otherwise remain attached pending a trial upon the merits. The defendant in such cases it not injured, for he is protected by a bond and, although the rule may be opposed by the weight of authority, we think the rule adopted by this court is more consistent with the theory of the reformed procedure.

It is next asserted, that the satisfaction of the judgment · executed by Burton and filed by appellant was ineffectual to accomplish the purpose of the parties; that it was an attempt

to dismiss the action, and that the court must have made a formal order of dismissal in order to give it effect. While some of the authorities cited by counsel seem to bear out their contention, they cannot be held to be applicable to the facts in this case without holding that the parties to an action cannot settle and satisfy the debt found to be due by the court pending the entry of the judgment. This we are unwilling to do.

It is next asserted that, in any event, the lien of the attorneys is unimpaired, and that the appellant is liable therefor. The rule is that, whatever the nature of the action may be, the lien of an attorney does not attach until there is a judgment. But, if attached, it cannot be affected by a subsequent compromise or settlement of the case by the parties made with notice of the lien. 3 Am. &. Eng. Ency. Law (2d ed.), 466.

Rem. & Bal. Code, § 136, provides that an attorney shall have a lien upon a judgment to the extent of the value of his services "from the time of filing notice of such lien or claim with the clerk of the court in which such judgment is entered, which notice must be filed with the papers in the action in which such judgment was rendered, and an entry made in the execution docket, showing name of claimant, amount claimed, and date of filing notice." The law of this case depends upon the solution of the question, when does the order of the court become a judgment; upon the announcement of the court at the conclusion of the trial that his ruling is in favor of the one party or of another, or when that announcement is written out and formally entered by the court? It is our opinion that a lien cannot attach until the written judgment is formally entered. The cases in which the distinction between the rendition of a judgment and the entry of a judgment have been pointed out by this court were marshalled in *State ex rel. Brown v. Brown,* 31 Wash. 397, 72 Pac. 86, 62 L. R. A. 974. In that case the court

adopted certain expressions on the part of the supreme court of California which are pertinent to this case:

"In *Condee v. Barton*, 62 Cal. 1, it is said: 'There is no judgment which is final until a judgment is recorded.' And in *Broder v. Conklin*, 98 Cal. 360, 33 Pac. 211, the court said: 'The judgment which was prepared and signed by Judge Rooney could not be effective as a judgment until it was filed with the clerk. Until then it was but a purpose in the breast of the judge, which could be changed as he might determine. Whether he deposited it in the postoffice to be transmitted to the clerk, or himself carried it in person to the office of the clerk, is immaterial. Until it was actually filed it did not become a part of the records in the case and consequently was not a judgment.'"

In the later case of *Gould v. Austin*, 52 Wash. 457, 100 Pac. 1029, in which the case of *State ex rel. Jensen v. Bell*, 34 Wash. 185, 75 Pac. 641, was quoted with approval, it was finally declared as the law in this state that the formal written judgment must be deemed the actual judgment of the court, and that previous recitals cannot ordinarily be held to be binding on the parties or the court. In speaking to the exact point which we have before us, it is said in 3 Parsons on Contracts, 269:

"But the lien on the cause for his fees does not attach until the judgment is entered. Therefore, where in a case reserved, after the opinion of the court was pronounced in favor of the plaintiff, he forthwith assigned his interest in the judgment, and the defendant, during the term, and before the judgment was actually entered, paid the whole amount to the assignee,—it was held that the attorney's lien was thereby defeated:"

citing *Potter v. Mayo*, 3 Greenl. (Me.), 34, 14 Am. Dec. 211.

There is a suggestion of collusion between Burton and appellant in the pleadings and in the evidence. Where it appears that the parties have conspired to defeat the attorney's compensation, a court will, upon a proper showing, allow the case to proceed at the instance of the attorney in order to

protect his lien. It has also been held by some courts that the inadequacy of the settlement is evidence of collusion and fraud on the part of the parties to the action, but the testimony in this case does not warrant a finding of collusion or fraud, when viewed in the light of the law that settlements, whether made in or out of court, are to be encouraged, and when considered in connection with the further fact that, upon the trial of the main case, the Cline Piano Company set up a counterclaim which it no doubt asserted in good faith.

The judgment of the lower court is reversed, and the cause remanded with instructions to enter a decree in favor of appellant.

RUDKIN, C. J., and FULLERTON, J., concur.

MORRIS, J., took no part.

CHADWICK, J. (dissenting)—I dissent from that part of the opinion of the majority which holds that the lien of the attorneys cannot be allowed. The authorities relied upon sustain the majority opinion and, while I believe that a proper rule was declared by this court in the cases cited, wherein it is held that an order of the court cannot be given the force of a judgment until it is formally entered as such, yet, like all rules, it should be measured by other rules with which it may come in contact. It is declared by all courts that an attorney should be protected in his service. The older rule that the laborer is worthy of his hire has been applied, and as between the parties to a proceeding and those standing in their shoes, the lien of an attorney should be held to attach when the court has announced his judgment, albeit the entry is not made at the time. So far as I have been able to discover, there are but two cases in the books directly in point. The one is the case in Greenleaf's reports cited in the majority opinion, the other is the case of *Young v. Dearborn*, 7 Foster (N. H.) 324. In the latter case the case had been tried and an order made that judgment should

be entered on the verdict. The judgment remained to be entered in form at the next term of the court to be holden some weeks later. Pending this formality a discharge was obtained. Nevertheless the lien of the attorney was sustained, the court saying:

"For some purposes, the judgment is regarded as rendered only from the time when the actual entry is made upon the records of the court below. If there is an attachment, the lien of the attachment continues until the expiration of thirty days after the entry of a judgment such as an execution may issue upon. So a prisoner, on mesne process, will be detained in prison for the same time. But for the purpose of securing the lien of the attorney, we think that the order of the court that judgment be entered, is to be deemed the judgment. Such order is a final determination of the case, the end of all litigation and controversy as to the merits of the case. The time when the judgment is entered up in form, seems to us entirely immaterial for this purpose. We are not able to discover, under our law and the practice under it, any difference between the case of an order made by the superior court, for a judgment to be rendered in the common pleas, and a like order made by that court itself. Time must ordinarily elapse between the making of such orders and the actual entry of judgments; but the delay ought not to affect the rights of the parties or their attorneys, relative to the subject of the controversy. For the purpose of ascertaining their rights in this respect, the order of the court for judgment should be deemed the judgment itself. Upon this view, the attorney acquired a complete and perfect lien upon the judgment, by the order of the superior court, and the defendant having had actual notice of his claim, when the agreement in question was executed, that agreement was void and inoperative as to his rights."