[No. 9809.   Department One.   November 16, 1911.]

HUMPTULIPS DRIVING COMPANY, *Respondent*, v. J. C. CROSS
*et al.*, *Appellants*.[1]

EXECUTION — RIGHT TO RELIEF—INJUNCTION—ASSIGNMENT—JUDG-
MENT—ATTORNEY'S LIEN.   Where a judgment was assigned in good
faith, free from an attorney's lien, the judgment debtor is entitled to
injunctive relief against the issuance of execution at the instance
of the assignor's attorneys to satisfy the lien claimed.

ATTORNEY AND CLIENT—CONTROL OF LITIGATION—DISMISSAL OF AP-
PEAL.   Parties may stipulate to dismiss an appeal without consent of
counsel.

ATTORNEY AND CLIENT—ATTORNEY'S LIEN—TIME FOR FILING—AS-
SIGNMENT OF JUDGMENT.   Under Rem. & Bal. Code, § 136, giving at-
torneys a lien for their services upon the judgment "from the time
of filing notice of such lien," the claim for lien must be filed prior
to assignment of the judgment in order to take precedence over the
assignment.

Appeal from a judgment of the superior court for Che-
halis county, Irwin, J., entered March 11, 1911, in favor of
the plaintiff, after a trial on the merits before the court, in
an action to enjoin the sale of property under execution.
Affirmed.

*J. C. Cross* (*A. Emerson Cross*, of counsel), for appellants.
*Bridges & Bruener*, for respondent.

GOSE, J.—This is a suit to enjoin the sale of property
upon an alias execution for the enforcement of an attorney's
lien claimed upon a judgment.   From a judgment granting
a permanent injunction, the attorney claiming the lien and
the sheriff who was executing the writ have appealed.

Two questions are presented:   (1) Does the writ lie in
cases of this character?   (2) Is an assignment of a judg-
ment, made in good faith and without collusion, subject to
an attorney's lien upon the judgment filed subsequent to the

[1]Reported in 118 Pac. 827.

assignment? The facts are as follows: The Humptulips Driving Company brought a condemnation suit against Burrows and wife, to condemn certain property owned by the latter. Upon the trial of the case to the jury for the purpose of ascertaining the value of the property, there was a verdict for the defendants for $4,500, and a judgment was entered in their favor for that sum, with costs. The condemnor appealed. Pending the appeal in this court, the Burrows, without the intervention of counsel, assigned the judgment. Upon a stipulation between the appellant, the condemnor, and the assignee of the judgment, the appeal was dismissed, and the remittitur was transmitted to the trial court. The assignment was filed in the office of the clerk of the trial court May 17, 1907. The appellant attorney filed his claim of lien in the same office on May 27 following. He was the attorney for the judgment creditors, both in the trial of the cause where the judgment was entered and upon appeal. The assignment was made for a valuable consideration, and without notice of a claim of lien upon the part of the attorney. The assignee knew the relation of the appellant attorney to the case when he took the assignment. There is no claim that the assignment was collusive. Upon these facts, the right of lien is asserted by the appellants, and denied by the respondent.

The appellant had a right to injunctive relief if the assignee took the judgment freed from the claim of lien. *Cline Piano Co. v. Sherwood*, 57 Wash. 239, 106 Pac. 742; *Grant v. Cole*, 23 Wash. 542, 63 Pac. 263; *Heintz v. Brown*, 46 Wash. 387, 90 Pac. 211, 123 Am. St. 937. The parties had a right to stipulate for the dismissal of the appeal without the aid or intervention of their counsel. *Cline Piano Co. v. Sherwood, supra.*

The second question must receive a negative answer. The statute, Rem. & Bal. Code, § 136, so far as pertinent here, provides that an attorney has a lien for his compensation upon the judgment, to the extent of the value of his services

"from the time of filing notice of such lien or claim with the clerk of the court where the judgment is entered." The lien does not become effective as against a settlement between the parties *or a sale of the judgment made in good faith prior to the filing of the lien*. In other words, there is no attorney's lien until the claim is properly filed. The right to claim the lien exists before the filing, but the lien only exists from the time of filing. *Cline Piano Co. v. Sherwood, supra; Woodin v. Crane*, 11 Wash. 207, 39 Pac. 442; *McRea v. Warehime*, 49 Wash. 194, 94 Pac. 924. In the case last cited it was said that the statute "provides a specific manner for an attorney to assert a lien upon the subject-matter of an action." It is true that, in the cases cited, the parties to the action had settled the subject-matter of the litigation before the filing of the claim of lien. The fact that the case at bar involves the assignment of the judgment by the judgment creditors cannot change the rule. The cases necessarily proceed upon the assumption that the right to an attorney's lien in this state rests upon the statute, and that there is no common law or equitable right of lien. *Hookway v. Thompson*, 56 Wash. 57, 105 Pac. 153, is in point. In that case, in construing the words in the homestead statute, "From and after the declaration is filed," it was held that the declaration has no retroactive force, and that a mortgage executed by the husband upon his separate real estate took precedence of a homestead declaration thereafter filed by the wife. This view is supported by the following cases from other jurisdictions: *Alderman v. Nelson*, 111 Ind. 255, 12 N. E. 394; *Ward v. Sherbondy*, 96 Iowa 477, 65 N. W. 413; *Wagner v. Goldschmidt*, 51 Ore. 63, 93 Pac. 689; *Elliott v. Atkins*, 26 Neb. 403, 42 N. W. 403; *Pirie v. Harkness*, 3 S. D. 178, 52 N. W. 581.

In the *Alderman* case the right of an assignee of the judgment was upheld against a claim of lien upon the part of the attorney for the judgment creditor, which had not been

perfected when the assignment was made.   In considering the
case, the court said:

"It is not necessary to inquire whether an attorney had a
lien on his client's judgment at common law, for the statute
covers the entire subject and creates the lien, and that is the
only one that can be enforced.   It was undoubtedly within
the power of the legislature to abrogate a rule of the common
law, so that, if it were conceded that the lien existed at com-
mon law, it would not avail the appellees.   The statute is
now the source from which the lien is derived, and it can
only exist as the statute creates it."

In the *Ward* case it was held that a lien of a garnishing
creditor is effective as against the lien of an attorney entered
in the judgment docket subsequent to the garnishment; that
the statute is not extended by the provisions of the common
law, "but is in lieu of them;" that the attorney has no
equitable lien; that the statute provides for the only lien to
which an attorney is entitled; and that to obtain it he must
comply with its requirements.

The appellants argue, and cite authorities from other
jurisdictions to the effect, that the only purpose of filing the
claim of lien is to protect the judgment debtor.   *Frink v.
McComb*, 60 Fed. 486, is typical of a number of the cases
relied upon for a reversal.   It says, in substance, that the
cases proceed upon three several theories:   (1) that the at-
torney has a common law lien upon a judgment recovered by
him for his proper charges; (2) that he has a lien upon the
theory of an equitable assignment of the judgment; and (3)
that it is the duty of the court to protect its officers against
the deprivation of their just reward.   None of these grounds
are applicable in this state.

Other cases are cited by the appellants, upon statutes some-
what similar to ours, which announce the rule that an attor-
ney's lien takes precedence of an assignment filed or a gar-
nishment served prior to the filing of the attorney's lien.
We do not deem it necessary to point out the difference in
the wording of the statutes, or to discuss the cases.   Our

statute is plain, and the interpretation heretofore given it is not in harmony with the cases relied upon by the appellants. If it be suggested that this interpretation works a hardship upon deserving counsel, we answer: *Ita lex scripta est.*

The judgment is affirmed.

DUNBAR, C. J., FULLERTON, MOUNT, and PARKER, JJ., concur.