[No. 14317. Department One. December 7, 1917.]

# R. J. MEAKIM, *Trustee, Respondent*, v. J. A. LUDWIG, *Appellant*.[1]

EXECUTION—REDELIVERY—STATUTES. Upon levy of execution from justice court, redelivery may be had under the provisions of Rem. Code, § 573; since Id., § 1888, defining the proceedings for taking possession of property levied upon by execution issued out of justice court is not exclusive, § 1889 providing that the claimant to such property may resort to any legal remedy.

INJUNCTION—REMEDY AT LAW—PREVENTING EXECUTION. That there is a remedy at law will not prevent the issuance of an injunction to prevent the seizure of property under an invalid or void writ of execution, where the remedy by injunction is more speedy and efficacious.

ASSIGNMENTS FOR BENEFIT OF CREDITORS—POSSESSION OF PROPERTY —EFFECT. An assignment for the benefit of creditors is not affected by the fact that the trustee employed the insolvent debtor in operating the property.

FRAUDULENT CONVEYANCES — PREFERENCE — HINDERING CREDITORS. The transfer to one creditor of all the insolvent's property is not a delaying or hindering of creditors, since the insolvent debtor may prefer one or more of his creditors.

Appeal from a judgment of the superior court for Lewis county, Reynolds, J., entered March 29, 1917, in favor of the plaintiff, in an action for an injunction, tried to the court. Affirmed.

*S. C. White* and *W. W. Langhorne*, for appellant.

*Shorett, McLaren & Shorett*, for respondent.

MAIN, J.—The purpose of this action was to restrain interference with the plaintiff's possession and operation of a shingle mill which he held as trustee. After the issues were framed, the trial resulted in a judgment as prayed for in the complaint. From this judgment, the appeal is prosecuted.

[1]Reported in 169 Pac. 24.

The facts may be briefly stated as follows: On the 16th day of December, 1916, and for some time prior thereto, one J. B. McLaren was, and had been, the owner of a shingle mill and of standing timber purchased by him on leased lands for the operation of the shingle mill. This mill was located near Adna, in Lewis county. On the date mentioned, Mc-Laren, being insolvent and being indebted to a considerable number of persons and firms, by bill of sale transferred the shingle mill and other property to the respondent, as trustee, for the benefit of all of his creditors who would accept the provisions of the bill of sale. One of these provisions was that the proceeds of the property should, by the trustee, be applied equally and ratably among all the creditors of Mc-Laren who would release all claims against him in consideration of such *pro rata* payment. The bill of sale was recorded in the auditor's office in Lewis county on the 8th day of January, 1917. After the making of the bill of sale, the property was operated, managed, and controlled by the trustee. On or about the 8th day of February, 1917, the appellant, J. A. Ludwig, brought an action in the justice court in Lewis county against McLaren, and recovered a judgment for $98. Subsequently and on about the 17th of the same month, execution was issued upon this judgment, and the sheriff of Lewis county levied upon a quantity of shingles which had been produced by the mill operated by the trustee. After this levy was made, the trustee, under § 573, Rem. Code, sought possession of the shingles which had been levied upon. The procedure for the retaking of such possession was as outlined in this section of the statute. The sheriff, however, declined to surrender possession, and thereafter the present action was brought against the sheriff and the judgment creditor in the justice court praying for an injunction against the interference with the trustee's possession of the property.

It is first claimed on behalf of the appellant that, since the execution was issued out of the justice court, the procedure to

retake possession by the trustee should not have been under § 573 of the code, but under § 1888, since the latter section defined the procedure for taking possession of property which had been levied upon by an execution issued out of the court of the justice of the peace. While the trustee might have proceeded under that section, he was not required to do so, as § 1889 expressly provides that nothing contained in the preceding section, or § 1888, shall be construed to prevent the claimant of property levied on by execution from resorting to any legal remedy he may choose to pursue, instead of proceeding in the manner therein prescribed. Section 1888 not being exclusive, the trustee was within his rights when he adopted the procedure for recovering the possession of the property as defined in § 573.

It is next claimed that the trustee had an adequate remedy at law, and therefore had no right to proceed in equity for an injunctive relief. It is, no doubt, true that the trustee might have proceeded at law, but he was not required to do so. It has become the settled law of this state that a party whose property is about to be seized upon an invalid or void writ has his choice of remedies. Injunctive relief will not be denied because there is a remedy at law, but it will be granted if it appears to be a more speedy and efficacious remedy. Being a preventive writ, it is issued in such cases to obviate a lien that would otherwise remain attached pending a trial upon the merits. The defendant in such cases is not injured, for he is protected by a bond. *Grant v. Cole*, 23 Wash. 542, 63 Pac. 263; *Cline Piano Co. v. Sherwood*, 57 Wash. 239, 106 Pac. 742.

It is also claimed that the trustee did not take possession of the property, but this contention, we think, is likewise without merit. The evidence shows that the trustee assumed the management and control of the property, took possession of the accounts, made a list of the creditors, transferred outstanding accounts to himself as trustee, and made arrangements with certain business houses whereby he could be fur-

nished with equipment and supplies if necessary.  The bill of sale was filed for record, and the appellant not only had constructive notice thereof, but actual notice.  He was informed that the trustee was managing and operating the property and proposed to sell it at the most advantageous time, so as to realize the greatest sum for the benefit of all the creditors.  It is true that the insolvent debtor was employed by the trustee to operate the property, but this fact would not destroy the legal transfer of the property to the trustee and permit one of the creditors, by obtaining a judgment and levying an execution, to thereby prefer himself and secure the payment of his debt in full.

There is some contention that the transfer operated to hinder and delay creditors and was, therefore, void.  By many decisions it has become the settled law in this state that an insolvent debtor may prefer one or more of his creditors, even if such preference exhausts the whole of his property.  The question is fully discussed and the authorities assembled in *Holt Mfg. Co. v. Bennington*, 73 Wash. 467, 132 Pac. 30.  This is not delaying or hindering within the meaning of the statute.  Bump, Fraudulent Conveyances (4th ed.), § 170; *Wilson v. Berg*, 88 Pa. St. 167.

There are some other questions discussed in the briefs, but those already referred to appear to us to cover the leading contentions.  Those not here specifically referred to have been considered and, in our opinion, in none of them is there substantial merit.

The judgment will be affirmed.

ELLIS, C. J., PARKER, FULLERTON, and WEBSTER, JJ., concur.