[Sac. No. 3342. In Bank.—December 18, 1923.]

EMA GETT, Respondent, v. PACIFIC GAS & ELECTRIC
COMPANY (a Corporation), Appellant.

[1] APPEAL—EVIDENCE—CONSIDERATION OF.—In considering appellant's
claims of the insufficiency of the evidence it is the court's duty to
so construe the evidence as to support the contentions of the re-
spondent to the extent that it is fairly susceptible of such con-
struction, and in cases of conflict to accept as true that evi-
dence which tends to sustain the verdict, unless it is inherently
so improbable as to be palpably false.

[2] NEGLIGENCE—SUDDEN STOPPING OF STREET-CAR—DANGER TO TRAFFIC
—PEDESTRIAN KILLED BY TRUCK IN AVOIDING CAR—EVIDENCE—
APPEAL.—The sudden stopping of a north-bound street-car, after
approaching a street intersection at a slow rate of speed and then
proceeding to cross the intersection with increased speed, at a
point which placed the street-car in such a situation that its rear
end blocked the traffic on the southerly side of the intersecting street
running east and west, created a situation of exceptional danger
to such vehicles as might be proceeding upon such intersecting
street; and in an action for damages for the death of a pedestrian
who was killed by an east-bound motor-truck when it attempted
to pass around the rear end of the street-car, it cannot be said as
a matter of law that the jury was not justified in concluding that
the motorman was negligent in so stopping the street-car.

[3] ID. — STOPPING OF CAR — RULE OF COMPANY — VIOLATION BY EM-
PLOYEES—EVIDENCE.—While the existence of a rule of the street-
car company, forbidding its employees to stop the cars so as to
block cross-streets or cross-walks, did not render its violation by
the company's employees negligence *per se,* it was a circumstance
proper to be considered by the jury in determining whether or
not they were negligent.

[4] ID.—PROXIMATE CAUSE—EVIDENCE—APPEAL.—In such an action,
the issue as to whether the stopping of the street-car was the proxi-
mate cause of the injuries to decedent, or whether the conduct of
the truck driver was in the nature of an independent intervening
agency was submitted to the jury under appropriate instructions,
and the evidence was sufficient to justify the jury's conclusion that
the stopping of the street-car was a proximate cause of the in-
juries to decedent.

[5] ID. — "JAY-WALKING" — NOT NEGLIGENCE PER SE — QUESTION OF
FACT.—There is no rule of statute or ordinance which prohibits
"jay-walking" and it, therefore, is not negligence *per se;* and

whether or not it would be negligence under a given state of facts is a question of fact for the jury.

[6] ID. — PEDESTRIAN CROSSING BUSY INTERSECTION — DUTY TO USE SENSES.—The law requires a pedestrian in crossing a busy street intersection to use his senses of sight and hearing with ordinary care for his own protection during all of the time that he is so engaged, but what constitutes ordinary care in these respects is usually a question of fact for the jury, though there may be circumstances under which it can be said that the pedestrian is negligent as a matter of law.

[7] ID.—EXTENT OF VIGILANCE ON PART OF PEDESTRIAN.—The law does not require of a pedestrian crossing a busy street intersection that he must look in every direction during every instant of his progress. It does require that he must look at least in those directions from which danger may reasonably be apprehended, as often and as carefully as would a person of ordinary prudence under like circumstances.

[8] ID.—NEGLIGENCE OF DECEDENT—ABSENCE OF PROXIMATE CONTRIBUTING CAUSE—EFFECT UPON VERDICT.—In such an action, assuming that the decedent was negligent in one or more of the respects claimed by the defendant, yet the verdict in favor of plaintiff may be upheld where the evidence is sufficient to justify the jury in finding that such negligence was not a proximate contributing cause of the injury.

[9] ID.—CONTRIBUTORY NEGLIGENCE—INSTRUCTION.—In such an action, where the question whether or not decedent's negligence, if he was negligent, was a proximate contributory cause of his injuries was a question of fact to be submitted to and determined by the jury, it was not only proper, but it was the duty of the trial court to give a requested instruction which told the jury, in effect, that even though they should find that decedent was negligent, such negligence would not bar a recovery by plaintiff if she had otherwise made out a case, unless they should also find that it proximately caused or contributed to the death of decedent, or the equivalent of such requested instruction.

[10] ID.—CONTRIBUTORY NEGLIGENCE—CHARACTER OF DEFENSE.—Contributory negligence is in this state an affirmative defense by way of confession and avoidance. By pleading it the defendant, in effect, confesses his own negligence and pleads by way of avoidance thereof that plaintiff's own negligence helped to produce his injuries.

7. Rights and duties of pedestrians and vehicles on highways, notes, 9 Am. St. Rep. 878; 4 Ann. Cas. 398; 21 Ann. Cas. 652; Ann. Cas. 1914A, 249; Ann. Cas. 1916E, 666.

[11] ID.—BURDEN OF PROOF.—In the defense of contributory negligence the burden is upon the defendant to prove two things: (1) that the plaintiff was negligent; (2) that such negligence was a proximate cause of the injuries complained of. If he fails to prove either of these things this entire defense falls.

[12] ID. — CONTRIBUTORY NEGLIGENCE — CONTENTION OF DEFENDANT—CONCESSIONS PRODUCED BY.—In such an action, when the defendant asserts that the evidence is such that it cannot be determined therefrom, except by resort to surmise and conjecture, whether or not decedent's negligence contributed· to his injuries, it thereby concedes, in effect, that its affirmative defense of contributory negligence has failed, and that the jurors were bound to find against defendant upon this issue.

APPEAL from a judgment of the Superior Court of Sacramento County. Charles O. Busick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Stanley Moore, John P. Coghlan, Thos. J. Straub, V. L. Hatfield and W. H. Hatfield for Appellant.

O. H. Meldon and Downey, Downey & Seymour for Respondent.

MYERS, J.—Defendant appeals from a judgment upon verdict in favor of the plaintiff in an action for damages for the death of plaintiff's husband, resulting from his being struck and run over by a motor-truck. Plaintiff's contention was that the defendant was negligent in suddenly stopping its street-car in such manner as to block the passageway of the oncoming truck, thus compelling the latter to turn suddenly to the right and to collide with the decedent. This appeal is upon the grounds of the insufficiency of the evidence to sustain the implied findings of defendant's negligence and of decedent's freedom from contributory negligence, and errors of law in the giving and refusal of instructions.

[1] In considering appellant's claims of the insufficiency of the evidence it is our duty to so construe the evidence as to support the contentions of respondent to the extent that it is fairly susceptible of such construction, and in cases of conflict to accept as true that evidence which tends to sustain the verdict, unless it is inherently so im-

probable as to be palpably false. Applying this method
to the evidence herein, we glean therefrom the following
facts: The accident occurred at about 11 A. M. at the inter-
section of Seventh and I Streets, two important and busy
thoroughfares in the city of Sacramento. . I Street runs east
and west and is intersected by Seventh Street, running
north and south, upon which there is a double-track street-
car line of the defendant. A north-bound street-car ap-
proaching the intersection slowed down to a speed of three
to five miles an hour, then proceeded to cross the intersec-
tion, gaining speed as it went, until it had attained a speed
of seven to nine miles an hour, and its rear end had nearly
cleared the south line of I Street, when the motorman sud-
denly applied his brakes, bringing the car to a stop almost
instantly and within a space of five feet. He gave no sig-
nal or notice of his intention to stop the car other than such
as was afforded by the movements of the car and the sound
of the brakes. The car was brought to a stop in such a
position that its rear end was blocking the line of the south
sidewalk of I Street across the intersection of Seventh
Street (referred to in the evidence and the briefs herein
as the "pedestrian right of way"), and its northerly end
extended some distance northerly of the center line of I
Street. At the same time a one and a half or two ton truck,
carrying a load of four or five tons, was proceeding at a
speed of from twelve to fifteen miles an hour easterly along
I Street approaching this intersection. It was the driver's
intention not to turn at the intersection, but to proceed
easterly along I Street. He was just coming on the inter-
section when the street-car was suddenly stopped in such
manner as to entirely block his passageway. He immedi-
ately applied his foot-brake and almost at the same time
his hand-brake and pulled his whistle-cord. There was not
sufficient space available to enable him to stop his truck
before colliding with the car, and if he had turned to the
left such collision would have been inevitable. So he did
the only thing remaining, and turned sharply to the right
in the hope of being able thus to clear the rear end of the
street-car. At the same time the decedent was proceeding
easterly across Seventh Street upon or in the vicinity of
the "pedestrian right of way"—the southerly sidewalk line
of I Street—and had reached a point about five or ten feet

from the street-car to the west thereof. The truck driver sounded his whistle, which made but "very little noise" owing to the slowing down of the engine, and then shouted at decedent, who did not appear to hear him. The left front fender of the truck struck decedent, knocking him down, and the rear wheel thereof dragged him some distance and ran over him, causing injuries from which he died a few hours thereafter. Immediately after striking the decedent the truck struck the rear left portion of the street-car, then passed to the rear thereof and was brought to a stop.

[2] Appellant earnestly argues that the motorman cannot be held chargeable with negligence by reason merely of his stopping his car, and that he was under no legal duty to see or heed the approach of the truck upon the cross-street. In view of the fact that the street-car was entitled to the right of way over that portion of the street occupied by its tracks and of the circumstance that it was the first of the two vehicles to reach and enter upon the intersection, it may be conceded that if the motorman had proceeded on across the intersection in the customary manner, he could not be justly chargeable with negligence under those circumstances in failing to observe the approach of the truck. But in suddenly stopping the car, as he did, in such a manner as to blockade the cross-street, he created a situation of exceptional danger to such vehicles as might be proceeding upon that street. Under these circumstances we cannot say as a matter of law that the jury was not justified in concluding that he was negligent in so doing. [3] Furthermore, his act in so doing was in violation of an operating rule of the defendant, forbidding its employees to stop the cars so as to block cross-streets or cross-walks. The existence of this rule, of course, did not render its violation by defendant's employees negligence *per se,* but it was a circumstance proper to be considered by the jury in determining whether or not they were negligent.

[4] Appellant further contends that the evidence is insufficient to show that the stopping of the street-car was a proximate cause of the injury to decedent. The truck driver testified that if the street-car had proceeded on its way at the speed at which it was going it would have cleared a space amply sufficient to enable him to proceed on his way in safety, and that if he had proceeded in the course

in which he was going he would have cleared the decedent by at least six or eight feet. The jury might well have inferred both of these facts from the other facts in evidence without such testimony. The issue as to whether the stopping of the street-car was the proximate cause of the injuries to decedent or whether the conduct of the truck driver was in the nature of an independent intervening agency was submitted to the jury under appropriate instructions, and the evidence was amply sufficient to justify its conclusion thereon. To say that the evidence is also sufficient to support a finding that the defendant was not negligent and sufficient to support a finding that its negligence, if any, was not a proximate cause of the injuries to decedent is but to say, in effect, that there was a substantial conflict of evidence upon each of these issues.

Upon the question of decedent's negligence there is much evidence to support appellant's contentions. There is evidence that the decedent was not upon the pedestrian right of way, but was "jay-walking"—proceeding diagonally across the intersection. There is evidence that he was looking neither to his right nor to his left, nor even in front of him, but was proceeding with bent head, looking to the ground. There is evidence that he apparently failed to hear the noise of the truck or the sound of its whistle or the shouted warnings of its driver, although all of these were heard by persons who were farther away. There is evidence that shortly after the accident the decedent admitted that he had been "jay-walking" and that the accident was . due to his own fault. In the language of appellant's counsel, "the picture is one of a busy and hurried man walking across a crowded, congested street intersection with his head lowered and his mind preoccupied, looking neither to the right nor to the left, and going down before a vehicle which he could have seen had he looked and could have heard had he listened, and having seen or heard could have escaped by merely stepping to one side." But the evidence is not without conflict upon these points. Counsel for respondent reply that "deceased was on the pedestrian right of way, walking across the street, with his back to the approaching truck, and not in its course. He appeared to be waiting for the car to pass or about to get on the car. His attention was concentrated on conditions

as they existed in front of him, to wit, the operation of the street-car, as they should have been under the law. There was nothing to warn him that the street-car would suddenly stop with a bang and in the path of an oncoming truck and cause the truck in the fraction of a second suddenly to change its course and swerve across and over the pedestrian right of way. He was not required to look to the rear, and even if he had done so he would have been advised of no danger until the truck had actually commenced to alter its course. Then it would have been too late to save himself." There is some evidence tending to support each of these asserted facts. Two witnesses testified that decedent was upon the pedestrian right of way. One witness testified that before the accident decedent, with several other pedestrians, was "waiting for the street-car to pass—about to cross the street." The truck driver testified "he seemed to be looking across to determine to stop; he stopped just an instant before I hit him; stopped and stepped back. He seemed to be looking down to stop the car." The testimony as to the alleged admissions of decedent was contradicted, but even if it were not it would be in no way conclusive. **[5]** There is no rule of statute or ordinance which prohibits "jaywalking" and it, therefore, is not negligence *per se*. Whether or not it would be negligence under a given state of facts is a question of fact for the jury. The question whether or not such admissions of decedent would be competent as against the plaintiff in this action has not been raised herein, and need not be here considered. (See *Marks* v. *Reissinger,* 35 Cal. App. 44 [169 Pac. 24]; *Mah See* v. *North Am. Ins. Co.,* 190 Cal. 421 [26 A. L. R. 123, 213 Pac. 42].) The testimony as to decedent's failure to look and listen is substantially uncontradicted except as shown above. **[6]** Undoubtedly the law requires a pedestrian in crossing a busy street intersection to use his senses of sight and hearing with ordinary care for his own protection during all of the time that he is so engaged, but what constitutes ordinary care in these respects is usually a question of fact for the jury (*Burgesser* v. *Bullocks,* 190 Cal. 673 [214 Pac. 649]), though there may be circumstances under which it can be said that the pedestrian is negligent as a matter of law. **[7]** The law does not require of such a pedestrian that he must look in every direction during every

instant of his progress. It does require that he must look
at least in those directions from which danger may reason-
ably be apprehended, as often and as carefully as would a
person of ordinary prudence under like circumstances.
These directions in decedent's case were in front of him
and to his left. It was clearly incumbent upon him to look
ahead where a street-car was in the act of passing within
a few feet in front of him, and to look to his left from
which direction other vehicles might be approaching. If
he had looked to his left a second before the truck com-
menced to turn he would have seen nothing to excite appre-
hension of danger. If the truck was proceeding at twelve
miles per hour the injury must have been accomplished
within the space of about one second after the truck com-
menced to turn. Can it be said that he was negligent as a
matter of law in failing to look to his left during that par-
ticular space of time? As to the matter of his listening,
the evidence is without substantial conflict that he either
failed to listen, or that if he did listen he failed to hear
that which was heard by several others. But he was within
a few feet of a street-car which was in the act of coming to
an emergency stop. Can it be said with certainty that to
one in his position the noise of the truck was not drowned
in the grinding of the street-car brakes, even though he was
listening with ordinary care?

[8] It is not necessary to here definitely determine
whether or not the evidence herein establishes the negli-
gence of decedent as a matter of law. It is respondent's
contention that the negligence of decedent may be conceded,
yet if the evidence is sufficient to justify the jury in finding
that such negligence was not a proximate contributing
cause of the injury, it is sufficient to sustain the verdict as
to this issue, and this contention must be upheld. We shall
assume, therefore, that decedent was negligent in one or
more of the respects claimed by appellant, and proceed to
consider whether or not under the evidence such negligence
was necessarily a contributing factor which helped to bring
about the accident and the resulting injuries, and without
which the latter would not have occurred. It is respondent's
contention that it may be conceded that decedent was negli-
gent in all the respects claimed, namely, that he was "jay-
walking" and that he was neither, looking nor listening

with any care whatsoever, yet, they assert, the coincidence of the stopping of the street-car with the arrival of the truck was such as to create a trap of such a nature that decedent could not have escaped from it if he had been exercising due care in every respect. They say: "He could not step north. The truck was coming into Seventh Street from the north. He could not step south. The truck was going to the south. He could not step to the east. The rear end of the street-car blocked him there, and it is to be remembered that the truck struck the rear portion of the street-car, showing the absence of space between the car and the truck. He might have gone to the west and back to the sidewalk at the Irish Tavern, but that would have been a good many 'mere steps.' It was the left or east fender of the truck which struck deceased. Hence the impossibility of retreating to the west after the truck had commenced to turn into Seventh Street is obvious." We are of the opinion that each of the conclusions thus stated is fairly deducible from the evidence. If the decedent was not upon the pedestrian right of way he was but a few feet northerly therefrom, which would place him still within the course traversed by the truck. If he had heard the whistle of the truck or the shouts of its driver, the truck was then almost upon him, and but a fraction of a second remained in which to escape it. If he had looked around at the very instant the truck commenced to turn it is not certain that he would have escaped it, even by the exercise of all of the presence of mind, strength, and agility to be expected of a man of his years (fifty-seven). The space between the street-car and the west curb was not over twenty-five feet, and when we consider that the truck, which was about eighteen feet long and eight feet wide, traversed this space diagonally from northwest to southeast, or upon a curve, it is apparent that the margin of space remaining was extremely narrow. We are convinced that under the evidence the jurors would have been justified in finding that the decedent was negligent in some or all of the respects claimed, and also in finding at the same time that he would have been equally injured if he had used due care in all of those respects. Such findings would have been wholly consistent with the general verdict for the plaintiff, and therefore it cannot be said that the verdict is not sustained by the evidence.

The conclusion just stated disposes, in effect, of the contention chiefly relied upon by appellant at the hearing before this court, namely, that the trial court erred in giving to the jury an instruction which told the jurors, in effect, that even though they should find that decedent was negligent, such negligence would not bar a recovery by plaintiff if she had otherwise made out a case, unless they should also find that it proximately caused or contributed to the death of decedent.   Appellant concedes that the instruction as given embodies in the abstract a correct statement of the rules of law, but asserts that it was error to give the same in this case, for the reason that if the decedent was negligent, as here claimed, it was such negligence as ''is in the eyes of the law necessarily concurrent and proximate and precludes recovery.''   Appellant cites numerous cases as supporting this contention.   They are of little value to us, because each case must be governed upon this point by its own particular facts.   There are many cases wherein it appears from the evidence beyond the possibility of a doubt that the plaintiff's conduct did contribute proximately to produce his injuries.   In such cases, if such conduct was in fact negligent, it inevitably follows that it constituted contributory negligence.   For example, in the cases wherein the plaintiff attempted to beat an approaching railway train across a crossing and failed to do so and was injured in the attempt there may be a question as to whether or not his conduct in so doing was negligent, but there can be no question that it contributed proximately to his injuries. So, also, in the case of a pedestrian who attempts to cross in front of a rapidly approaching street-car or automobile so close thereto as to be struck in the attempt.   So, also, in the case of a person who is injured in the attempt to board or alight from a moving street-car.   In such cases there may be a question whether or not the plaintiff's conduct was negligent, but the fact that such conduct was a proximate contributory cause of his injuries is not open to question. Therefore in such cases it would not be proper to give to the jurors an instruction calling upon them to determine whether or not plaintiff's negligence under such circumstances was a proximate cause of the injuries.   The cases cited by appellant in this connection are of this character. But in the case at bar, if we assume that the decedent was

negligent in not being upon the pedestrian right of way at the time of the injury, it does not follow with certainty that he would have escaped injury if he had been upon the pedestrian right of way. If we assume that he was negligent in failing to look or listen, still we cannot say with confidence that he would have escaped injury if he had looked and listened. [9] Therefore, the question whether or not decedent's negligence, if he was negligent, was a proximate contributory cause of his injuries was in this case a question of fact to be submitted to and determined by the jury. It was not only proper, but it was the duty of the trial court to give the requested instruction or the equivalent thereof.

Appellant objects that the giving of the instruction was an invitation to the jury to enter the domain of surmise and conjecture, and asserts that the evidence herein was such that the jurors could not, except by resort to surmise and conjecture, determine whether or not decedent's negligence contributed to his injuries. If this is correct appellant has no cause for complaint. If it is true that the jurors could not in this case determine whether or not decedent's negligence contributed to his injuries, it follows that the trial court might well have instructed the jurors that defendant had failed in its defense of contributory negligence. [10] Contributory negligence is in this state an affirmative defense by way of confession and avoidance. By pleading it the defendant, in effect, confesses his own negligence and pleads by way of avoidance thereof that plaintiff's own negligence helped to produce his injuries. [11] In this defense the burden is upon the defendant to prove two things: (1) that the plaintiff was negligent; (2) that such negligence was a proximate cause of the injuries complained of. If he fails to prove either of these things this entire defense falls. [12] Therefore, when appellant asserts that the evidence herein is such that it cannot be determined therefrom, except by resort to surmise and conjecture, whether or not decedent's negligence contributed to his injuries, it thereby concedes, in effect, that its affirmative defense of contributory negligence has failed, and that the jurors were bound to find against appellant upon this issue. We are not so holding herein,

but hold that the question was properly submitted to the jury as a question of fact under the evidence.

Without unduly prolonging this opinion by discussing in detail the numerous claimed errors in the giving and refusal of instructions, it must suffice to say that we have examined all of the instructions given and the instructions refused; that the instructions given were wholly fair to the appellant and covered all of the points of law upon which it was the duty of the trial court to instruct; that the only errors therein are of slight importance and operated wholly to the advantage of the appellant. Some of the rejected instructions contained erroneous statements of law, and those which did not were fully and fairly covered in the instructions given.

The judgment is affirmed.

Lawlor, J., Kerrigan, J., Seawell, J., Lennon, J., Wilbur, C. J., and Waste, J. concurred.