Submitted on appellant's petition for rehearing; former opinion January 14, 1930 (see 131 Or. 554, 284 P. 172); rehearing denied March 18, 1930.

· GATT *v.* HURLBURT, Sheriff

(286 P. 151)

For former opinion, see 131 Or. 554 (284 P. 172).

*George S. Shepherd* of Portland for appellant.

*V. V. Pendergrass* of Portland for respondent.

RAND, J. In his petition for rehearing plaintiff claims that the former decision is erroneous. In that decision we said:

"Now, it must be obvious to everyone that no person could acquire title by adverse possession to any submerged land lying between the low water mark of a navigable river and the navigable waters, for to do so would be to acquire title by adverse possession against the state."

Plaintiff cites in support of his contention that this holding was in error *Montgomery v. Shaver,* 40 Or. 244 (66 P. 923), where this court, speaking through Mr. Justice WOLVERTON, said:

"The right or privilege of constructing a wharf or wharves, which the statute accords, and that which existed before the statute, is a right appurtenant to the upland. It is not personal to the shore owner, so that it must be exercised by him alone or not at all, but is the subject of grant, and may be severed from the upland. (Citing numerous Oregon cases.)

"Such being its nature, it may be lost to the upland owner by prescription, so that, if the defendants have been in the adverse possession and enjoyment of the franchise, as it respects the disputed territory or any portion thereof, for more than 10 years, plaintiff is barred of her remedy to the extent of such adverse holding: *Sargent v. Ballard,* 9 Pick. (Mass.) 251; *Gray v. Bartlett,* 20 Pick. (Mass.) 186 (32 Am. Dec. 208).

In that case the defendants had constructed a wharf in front of their own upland, a part of which, as constructed, extended for a few feet over their own line and in front of plaintiff's property and it was held that plaintiff's right and privilege to construct a wharf over the particular space thus occupied by defendant's wharf had been lost to plaintiff by the adverse possession of defendants. The facts involved in that case were entirely dissimilar from those involved here. In that case defendants' right to construct a wharf was appurtenant to the upland owned by them and they had full statutory authority to construct a wharf so as to connect their upland with the ship's channel between "lines drawn at right angles from the thread of the stream to the shore termini" of the exterior boundaries of their upland property: *Montgomery v. Shaver,* supra; *Smith v. McGowan,* 131 Or. 522 (284 P.

189). Although the wharf as so constructed encroached for a slight distance upon adjoining land, it was neither a purpresture nor a public nuisance since it could affect no one but the private owner of the adjoining land and had been constructed pursuant to legislative authority. But if, as contended for in the instant case, this plaintiff, without the consent of the upland owner, has constructed in front of the owner's property between the low water mark of such property and the navigable waters of the Willamette river, "moorage dolphins, wharfage structures, docks and landing places for vessels and water craft," he had no legislative authority for doing so and the construction and maintenance of them constituted a public nuisance. He was exercising no privilege or right conferred upon him by statute and was not acting with the consent of the owner of the adjacent upland and, hence, he could acquire no right by prescription to maintain the nuisance as against the state nor to maintain it against the upland owner unless it worked some special and peculiar injury to such owner not shared by the public. Even as against the upland owner, it seems to be very doubtful whether an obstruction to navigation for any length of time will bar such owner from maintaining an action to have the same abated for, as said by Judge Cooley: "if the nuisance consisted in an obstruction to navigation, no one could maintain a personal action until he had occasion to make use of the public right and found it obstructed; * * * On the whole the better doctrine would seem to be, that the acquisition of rights by prescription can have nothing to do with the case of public nuisances, either when the State or when individuals complain of them"; Cooley on Torts (2d Ed.), p. 731.

In the instant case, the upland owner, although entitled under the statute to wharf out in front of its property had it desired to do so, has never exercised or attempted to exercise that right and, hence, it would seem that the upland owner has never sustained any special or peculiar injury by reason of plaintiff's acts even though it could be held that these acts amounted to a private as well as a public nuisance. We are not at liberty, however, to pass upon that question. This is a proceeding by plaintiff against the sheriff and the upland owner is not a party to the proceeding. Hence, whether these acts constituted a private nuisance can not be determined in this proceeding because the proper parties are not before the court. However long continued plaintiff's unauthorized and unlawful possession may have been maintained, there is nothing in this record to show that it was such adverse possession as would ripen into title as against the upland owner. Hence, we held, and we think properly, that for plaintiff to have acquired title by adverse possession under the circumstances alleged by him he must have acquired it against the state, if against any one, which obviously he could not have done for ''no lapse of time can confer the right to maintain a nuisance as against the state'': Cooley on Torts (2d Ed.), p. 730.

■ Plaintiff also contends that under the allegations of his complaint he ought not be relegated to an action at law for damages but is entitled to injunctive relief, restraining the sheriff from acting in excess of the powers conferred by the writ. He cites in support of this contention *Meakim v. Ludwig,* 99 Wash. 180 (169 P. 24), where it was held that a party whose property is about to be seized under an invalid or void writ has his choice of remedies and the fact that he has a remedy

at law will not deprive him of injunctive relief where equity would afford a more speedy and efficacious remedy. The complaint admits that the writ in the instant case is not an invalid or void writ. In fact, it alleges all of the facts essential to the validity of the writ. The only complaint is that the sheriff in executing the writ will exceed his authority. The doctrine announced in the case cited has no application where the writ itself is valid.

■ Plaintiff also complains because the decree of the lower court dismissed this suit with prejudice against the bringing of another suit and contends that this will bar plaintiff from having his alleged rights determined in another suit. The questions which plaintiff seeks to raise in this suit have nothing to do with a suit to restrain the sheriff from executing an admittedly valid writ and a dismissal of the suit, whether with or without prejudice to the bringing of another suit, can only affect plaintiff's rights as against the sheriff in the execution of the writ. The necessary parties are not before the court for the determination of plaintiff's controversy, if he has one, with the Security Savings and Trust company. Upon those questions the dismissal of this suit can have no effect. Whether the former action was an adjudication of those questions is a matter upon which we are not called upon to pass because the necessary parties are not before the court.

For the reasons stated, our former decision must be adhered to.

PETITION FOR REHEARING DENIED.