[No. 7064. · Decided April 2, 1908.]

JOHN McREA, *Appellant*, v. FRANK WAREHIME, *Respondent*.[1]

PLEADING — SUPPLEMENTAL ANSWER — SETTLEMENT PENDING SUIT. It is proper to allow a supplemental answer to show a settlement made after the verification and service of the original answer.

ATTORNEY AND CLIENT—ACTIONS—SETTLEMENT BY CLIENT—RIGHTS OF ATTORNEY—CONTINGENT FEES. A party plaintiff may settle his cause of action without the consent of his attorney notwithstanding an agreement that the attorney was to be compensated by receiving one-half of the amount of any judgment recovered, where no collusion or fraud against the attorney is practiced and the attorney has not taken the steps provided by statute for asserting a lien upon the subject-matter of the action.

Appeal from a judgment of the superior court for Lincoln county, Warren, J., entered March 19, 1907, upon sustaining defendant's motion to strike the affirmative reply, dismissing an action for personal injuries resulting from an assault and battery. Affirmed.

*T. W. Maxwell* and *W. A. Wilson,* for appellant.

HADLEY, C. J.—The plaintiff brought this suit to recover for personal injuries resulting from an assault and battery

[1]Reported in 94 Pac. 924.

alleged to have been committed by the defendant upon the person of the plaintiff. The defendant first answered by general denial, and later filed an amended supplemental answer which affirmatively alleged a settlement of the cause of action. The supplemental answer referred to a written release signed by the plaintiff, whereby, in consideration of $25 received from the defendant, he released the latter from all damages on account of the alleged injuries. The plaintiff replied to the supplemental answer, in effect, as follows: That he employed T. W. Maxwell, a practicing attorney of this state, to bring this action, who, in pursuance of the employment, instituted the suit; that after the suit was commenced the attorney asked the plaintiff concerning his attorney fees, at which time the plaintiff explained that he was poor and without means to pay an attorney; that he then proposed to Mr. Maxwell that he should proceed with the case, and that he should accept for his services a part of the judgment that the plaintiff might thereafter recover; that Maxwell consented to do so, and it was agreed that he should receive one-half of the amount of any judgment that should be recovered; that a short time thereafter Maxwell, as plaintiff's attorney, notified the defendant through his attorneys of the said contract and its conditions. The defendant moved to strike the affirmative reply, and the motion was granted. Thereupon the plaintiff stood upon his reply and judgment was entered dismissing the action, from which the plaintiff has appealed.

It is first assigned that the court erred in permitting the supplemental answer to be filed, for the reason that the facts alleged therein were known to the respondent on the 5th day of October, 1906, and yet even the original answer was not filed until October 29, 1906. The original answer was, however, verified on the 17th day of August, 1906, which was long before the facts about the settlement were known to the respondent, and service of that answer was admitted by appellant's counsel on the — day of August, 1907. It therefore became the original answer, a paper in the case which it

was proper to file. The facts about the settlement having developed after the preparation, verification, and service of the original answer, those facts could be brought before the court by supplemental answer only. It was therefore proper to permit the supplemental answer to be filed. The court stated that, if further time was demanded by appellant because of the filing of the supplemental answer, it would be granted. No such demand was made, and appellant replied to it at once. Under such circumstances there was no error in permitting the supplemental answer to be filed.

It is next assigned that the court erred in striking the affirmative matter from the reply. The question raised by this assignment is whether the appellant could settle his case without the consent of his attorney. The respondent has not appeared on this appeal and we are without the benefit of any brief in support of the judgment. It is appellant's contention that, by reason of his contract with his attorney, the latter has such an interest in the action as makes his consent to a settlement necessary. Assuming, without deciding, that the contract as made was a valid one, we find that the authorities are not in harmony as to the right of the client under such circumstances to compromise his case without his attorney's consent. We think the better reason is in favor of that right, particularly when ample methods are provided by statute for the attorney to protect himself. One should not be required to look after the fees of his adversary's attorney when the latter has not given the legal notice which in effect warns against settlement with the client without the attorney's consent.

Appellant alleges in the reply which was stricken that he notified the respondent's attorneys about his contract, but that did not make effective notice against a settlement. Bal. Code, § 4772 (P. C. § 3194), provides a specific manner for an attorney to assert a lien upon the subject-matter of an action. He may thereby effectually prevent a settlement of the case without his consent. The lien attaches upon money in the

hands of the adverse party from the time the notice of lien is given, and the notice must necessarily be in writing since it must be filed with the clerk of the court and with the papers in the action.   There are, as we believe, sound reasons in the interest of public policy why parties should have the privilege of settling their litigation without the necessary consent of their attorneys, unless possibly where it manifestly appears that such settlement is with the collusive and fraudulent purpose of defrauding counsel of their reasonable compensation. No issue of fraud or collusion is raised in this case.   The issue presented is merely that of the naked power of a party to settle his own case without his attorney's consent.   If such power should not be accorded to a party, we believe it might frequently result in unnecessary prolongation of litigation against his will.

"A client may at any stage of the case compromise or dismiss his action or suit, even though his attorney may object. The authority of an attorney being revocable at the pleasure of his client, he cannot object to any course the client may choose to take.   He does not acquire any vested interest in the cause which is affected by the dismissal of the suit."   3 Am. & Eng. Ency. Law (2d ed.), 331.

See authorities there cited.

It is immaterial that the attorney is by agreement to receive a part of the sum which may be recovered.   Without an express stipulation to that effect, an agreement for a contingent fee will not act as an assignment, and no interest in a future judgment exists without an assignment.   4 Cyc. 990.

The effect of appellant's stricken reply was simply to ask the continuance of litigation already settled, the continuance to be solely in the interest of collecting compensation for appellant's counsel.   Although ostensibly a harmonious movement between attorney and client, yet in view of the voluntary settlement made by appellant with respondent, this new movement is, in legal effect, a controversy between appellant and his counsel over the latter's attorney fees.   In *Hillman v. Hillman*, 42 Wash. 595, 85 Pac. 61, 114 Am. St. 135, we

held that controversies over such fees have no place in actions where the relation of attorney and client exists, and that claims for attorney's fees when adjusted by actions must be in suits brought for that purpose.

We find no reversible error, and the judgment is affirmed.

FULLERTON, ROOT, MOUNT, and CROW, JJ., concur.