[No. 8829.  Department One.  September 22, 1910.]

W. H. PLUMMER *et al.*, *Respondents*, v. GREAT NORTHERN RAILWAY COMPANY, *Appellant.*[1]

ATTORNEY AND CLIENT—CONTINGENT FEES—ASSIGNMENT OF CLAIM. An agreement to pay attorneys a contingent fee for the prosecution of a claim does not act as an assignment of a part of the claim, which is necessary to create an interest in a future recovery.

ATTORNEY AND CLIENT—FEES—LIEN—STATUTES. An action pending in some court in this state is necessary to secure to an attorney a lien under Rem. & Bal. Code, § 136, subd. 3, giving an attorney a lien for his compensation upon money in the hands of the adverse party in an action or proceeding in which the attorney is employed.

ATTORNEY AND CLIENT—FEES—RIGHT OF ATTORNEY—FOREIGN STATUTE. An attorney prosecuting an action for personal injuries in the courts of British Columbia under the workmen's compensation act, which precludes the attorney from taking any part of the recovery as a fee except such as is awarded by the arbitrator, cannot, after accepting the arbitrator's award, claim any other interest in, or lien upon, the recovery.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered January 21, 1910, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action on implied contract. Reversed.

*L. F. Chester* and *J. J. Lavin*, for appellant.

*Geo. A. Latimer* and *W. H. Plummer*, for respondents.

FULLERTON, J.—Some time prior to April 30, 1908, one Hilton G. Funk received personal injuries while in the employ of the Nelson & Fort Sheppard Railway Company, a branch line of the appellant, Great Northern Railway Company, located in British Columbia, and on that day employed Geo. A. Latimer, one of the respondents, to prosecute such actions or proceedings as would be necessary to recover for the injury, agreeing to pay him therefor one-half of any sum he

[1]Reported in 110 Pac. 989.

might recover as a fee for his services. Immediately thereafter, written notice of the terms of the contract was served by Latimer on the local claim agent and attorney of the railway company then having offices in the city of Spokane. After the execution of the contract, Latimer formed a partnership with his co-respondent, Plummer, and assigned to him a one-half interest in the claim. The respondents thereupon employed the legal firm of Taylor & O'Shea of Nelson, British Columbia, who instituted proceedings under the workmen's compensation act of British Columbia against the Nelson & Fort Sheppard Railway Company to recover for the injury to Funk. While these proceedings were pending and before anything pertaining to the merits of the claim had been determined, the claim agent of the Great Northern Railway Company, acting under the direction of one A. H. McNeill who had charge of the legal business of the appellant company in British Columbia, settled the claim with Funk, acting for himself, for the sum of $500, and obtained Funk's written release of all claims against the appellant. The workmen's compensation act, under which the proceedings were pending, contains the following provision:

"Sec. 10. Any sum awarded as compensation shall be paid on the receipt of the person to whom it is payable under any agreement or award, and his solicitor or agent shall not be entitled to recover from him, or to claim a lien on, or deduct any amount for costs from the said sum awarded, except such sum as may be awarded by the arbitrator, on an application made by either party to determine the amount of such costs to be paid to the said solicitor or agent, such sum to be awarded subject to taxation and to the scale of costs prescribed by said regulations."

After the settlement, and pursuant to this provision of the act, an arbitrator was appointed who awarded to solicitor O'Shea of the firm of Taylor & O'Shea the sum of eighty-five dollars, as costs and arbitrator's fees in the cause that had been instituted on behalf of Funk, and thereafter Taylor & O'Shea remitted one-half thereof to the respond-

ents. No suit or action was begun on behalf of Funk in the state of Washington, or elsewhere, other than the proceedings above mentioned.

The respondents thereupon began the present action against the appellant to recover a sum equal to one-half the sum paid Funk in the settlement, averring that they had a lien on the fund allowed him in the settlement as security therefor, and were deprived thereof by the payment of the same to Funk, who was then, and at all times since, insolvent, and well-known to the appellant to be so. The learned trial judge took the respondents' view of the law and entered a judgment in their favor for the sum of $250, one-half of the amount paid Funk by the appellant in the settlement.

The cause was tried before the lower court without the intervention of a jury, and the case is before us on the findings of fact made by the court; the evidence not having been certified into the record. These findings we have recited in substance, and it will be observed therefrom that the court made no finding to the effect that there was any fraud or collusion between the appellant and Funk, entered into for the purpose of defrauding the respondents out of their fees, and in so far as the appellant is concerned at least, we must treat the settlement as having been made in good faith. It must be remembered, also, that it is the unquestioned right of parties to a lawsuit, or controversy of any kind, to settle and compromise their difficulties without consulting their counsel. Attorneys are but the representatives of the parties. Their authority is revocable at any time at the pleasure of the client, and they cannot legally object to any course their client may take concerning the matter in controversy. The rights of the attorney in this regard is not changed by the fact that the attorney is by agreement to receive as a contingent fee a part of the sum which may be recovered. Without an express stipulation to that effect, an agreement for a contingent fee will not act as an assignment of a part of the claim, and no interest in a future re-

covery exists without an assignment. *McRea v. Warehime,* 49 Wash. 194, 94 Pac. 924; *Lewis v. Chicago, St. P. & K. C. R. Co.,* 35 Fed. 639.

The right of the respondents to recover, therefore, depends on the fact whether they had a lien upon the money agreed to be paid Funk in the settlement. As there was no such common law lien, the lien, if any exists, must be derived from the statute. The only statute in our state that can be said to be at all applicable to the case is Rem. & Bal. Code, § 136, which reads as follows:

"An attorney has a lien for his compensation, whether specially agreed upon or implied, as hereinafter provided,
. . .

"(3) Upon money in the hands of the adverse party in an action or proceeding, in which the attorney was employed, from the time of giving notice of the lien to that party."

But we think it clear that, in order for a lien to arise from notice under this statute, there must be an action or proceeding pending against the adverse party in some court, and as the statute can have no extraterritorial effect, it must be an action pending in some one of the courts of this state. Any other rule would make the statute oppressive upon the debtor. He would be compelled to decide at his peril all controversies between the attorney and his client over the question as to which of them was entitled to the money in his hands. Moreover, the statute will bear no other construction. The lien is given "upon money in the hands of the adverse party in an action or proceeding," and this in itself presupposes an action or proceeding pending in a court.

Tested by the foregoing principles, it is plain that the respondents ought not to have been permitted to recover, and that the judgment of the trial court is erroneous for the reasons stated.

We think, however, the judgment is erroneous for another reason. The law of the forum in which the proceedings were prosecuted precludes the attorney from taking any part of

the recovery as a fee or reward, except such as shall be awarded him by the arbitrator. Having chosen that forum to prosecute the action, and having called upon the arbitrator to make an award, and having accepted the award so made, we think the respondents are estopped from claiming any other fee from their client. And having no cause of action against their client for fees, they cannot, of course, recover against the adverse party.

The judgment appealed from is reversed, and the cause is remanded with instructions to enter a judgment for the defendant to the effect that the plaintiffs take nothing by their action.

RUDKIN, C. J., CHADWICK, GOSE, and MORRIS, JJ., concur.