[No. 16125.   Department Two.   January 10, 1921.]

ALICE WILSON *et al., Appellants,* v. MARY VAN HORN
*et al., Respondents.*[1]

INFANTS (21)—ACTIONS—GUARDIAN AD LITEM—POWERS.  A guardian *ad litem* to prosecute a suit for minors may employ counsel but has no authority to contract as to the amount of compensation, which must be fixed by the court.

GUARDIAN AND WARD (7)—CUSTODY AND CARE OF PROPERTY—CONTRACTS—SERVICES.  A general guardian for infants has no authority to encumber the ward's estate without authority of the court, or make a contract with an attorney for an interest in real property recovered by suit.

Appeal from a judgment of the superior court for Lincoln county, Truax, J., entered January 21, 1920, after a trial on the merits to the court, dismissing the complaint and quieting defendants' title in an action for partition.   Affirmed.

[1]Reported in 194 Pac. 560.

*R. M. Dye,* for appellants.

*F. H. McDermont* and *G. B. Quackenbush,* for respondents.

MOUNT, J.—This action was brought by the plaintiffs for partition of certain described lands. The complaint alleged ownership in plaintiffs of an undivided one-half interest in and to the lands and as tenants in common with the defendants. The defendants for answer to the complaint denied that the plaintiffs had any interest in or to the described real estate. As a first affirmative defense, they alleged the matter had been adjudicated; as a second affirmative defense, that certain agreements, signed by two of the defendants, were obtained by fraud, overreaching and by undue influence. These affirmative defenses were denied by the plaintiffs. Upon the trial of these issues, the court dismissed the complaint and entered a decree quieting title in the defendants. The plaintiffs have appealed from that judgment.

The basis of appellants' claim is a contract which was entered into on March 9, 1915, between Christina A. Van Horn, as general guardian for her three minor children, and the appellant W. A. Wilson, by which contract it was agreed that Mr. Wilson should have one-half of any sum or interest recovered in a suit to recover certain land which had been sold by the general guardian to one Mr. Nestoss. That action was prosecuted by Mr. Wilson and Mr. McDermont, who were then partners in the practice of law, and resulted in a judgment in favor of the plaintiff in that action. See *Van Horn v. Nestoss,* 99 Wash. 328, 169 Pac. 807. Before that action was brought, it developed that the general guardian had interests adverse to her minor children and a guardian *ad litem* was appointed to bring the action and it was prosecuted in the name

of the minor children by the guardian *ad litem*. After final judgment had been entered in that action, according to the judgment of this court, in *Van Horn v. Nestoss, supra,* it appears that Mr. McDermont and Mr. Wilson had dissolved their copartnership. Mr. McDermont filed an application to the trial court, asking that the attorney's fee be fixed. A show cause order was issued and upon a hearing the court fixed the attorney's fee in that case at $2,500 and enjoined the Van Horns from in any manner encumbering the land in question until the attorney's fee was paid. After this order was entered, Mr. Wilson filed a motion to vacate the order. This motion was denied and an appeal was taken to this court. The appeal was dismissed. Mr. Wilson now claims an undivided one-half interest in the land recovered in that action and seeks in this action to have it partitioned, one-half to himself and wife and the other half to the Van Horn heirs.

No fee was ever agreed upon between the guardian *ad litem* and the attorneys who represented the plaintiffs in *Van Horn v. Nestoss, supra.* The contention of the appellant is, in substance, that the contract entered into by the general guardian and Mr. Wilson on March 9, 1915, gives him a one-half interest in the real estate recovered in that action. We are satisfied that the trial court was right in denying a partition of the real estate involved in this case, for two sufficient reasons: First, there was no contract with the guardian *ad litem,* who brought the original action. The court, upon application therefor and a hearing, fixed the fees to be allowed counsel in that case. In the case of *Plummer v. Northern Pac. R. Co.,* 98 Wash. 67, 167 Pac. 73, which was a case where a guardian *ad litem* had entered into a contract to pay attorneys

one-half of the amount which might be recovered, we said:

"The proper rule in cases like the present is that a guardian *ad litem* appointed to bring suit for an infant has power to employ and select counsel, but has no authority to contract with them in regard to their compensation; that the amount of compensation to be paid the attorneys is a question to be submitted to the court and determined by it in view of all the circumstances attending the particular case."

It follows from the decision in that case that the guardian *ad litem* had no authority to bind the minors for an attorney's fee. It was for the court to determine what was the reasonable fee and order it paid. The trial court did so in this case. That order necessarily excluded the contract fee with the general guardian.

Second, the general guardian had no authority to encumber her wards' estate without authority of the court having jurisdiction thereof. Sections 1664, 1665, 1666 and 1667, Rem. Code. See, also, § 216, ch. 156, Laws of 1917, p. 705. In the case of *McRea v. Warehime,* 49 Wash. 194, 94 Pac. 924, this court said:

"It is immaterial that the attorney is by agreement to receive a part of the sum which may be recovered. Without an express stipulation to that effect, an agreement for a contingent fee will not act as an assignment, and no interest in a future judgment exists without an assignment. 4 Cyc. 990."

And in *Plummer v. Great Northern R. Co.,* 60 Wash. 214, 110 Pac. 989, 31 L. R. A. (N. S.) 1215, this court said:

"Without an express stipulation to that effect, an agreement for a contingent fee will not act as an assignment of a part of the claim, and no interest in a future recovery exists without an assignment."

It follows that, if there can be no interest in the future recovery without an assignment where a money judgment is obtained or money settlement made, clearly there could be no interest in real estate where the recovery was real estate.

Either one of these reasons is sufficient to defeat the partition as prayed for in this case. The judgment must therefore be affirmed.

. HOLCOMB, C. J., MITCHELL, MAIN, and TOLMAN, JJ., concur.