FARMERS' STATE BANK OF WITTEN, Appellant, v.
YOUNGQUIST, Respondent (HERMANN,
et al, Interveners).

(220 N. W. 474.)

(File No. 5889. Opinion filed July 7, 1928.)

*Windsor Doherty,* of Winner, for Appellant.
*P. A. Hosford,* of Winner, for Respondents.

MORIARTY, C. This is an action in which the appellant
bank claims the right to the possession of certain personal property
for the purpose of foreclosing a chattel mortgage thereon.

The facts presented to the trial court are undisputed, and are
shown by the record to be as follows: During the year 1920 John
Hermann was declared, by the county court of Mellette county, to

be an incompetent, and E. V. Youngquist was appointed by said court to act as guardian of his estate. On September 9, 1921, said Youngquist, being then the duly appointed and qualified guardian of said estate, made to the appellant bank a promissory note for $1,228.61, and a chattel mortgage securing the same. He signed both note and mortgage, "E. V. Youngquist, Guardian for John Hermann," and the property described in the mortgage belonged to the John Hermann estate. The note being past due and unpaid, the appellant demanded possession of the property and, the demand being refused, brought this action. The guardian did not answer, but the wife and two sons of the incompetent were allowed to intervene on behalf of the estate. After the trial to a jury, the trial court directed a verdict for the intereveners, and entered judgment in accordance therewith. And from that judgment and an order denying a new trial this appeal is taken.

It is admitted that there were no proceedings in the county court authorizing the guardian to encumber the property of his ward's estate. The trial court directed the verdict on the theory that the chattel mortgage made without authorization by the county court was invalid and gave the appellant bank no right of possession of the property.

■ Whether a chattel mortgage, regular in form and regularly filed, but executed by a guardian without court authorization, can create a valid lien on the property of the ward, is the vital question on this appeal. The appellant contends for the affirmative of this proposition. Practically all of the contentions of appellant's counsel rely upon the analogy between the powers of guardians and those of the personal representatives of deceased persons, and the further analogy between the right to sell personal property without order of court and the right to encumber such property without such order.

It is true that the courts of many jurisdictions hold that executors and administrators may sell and convey good title to personal property of estates without order of court, and that is the common-law rule. But that rule was based upon the well-established principle that upon the death of the owner title to the personal property of the estate passed to the executor or administrator and became vested in such representative as soon as he was appointed and qualified, while title to the real property passed to the heirs or

devisees, charged with the payment of such claims against the estate as could not be paid out of the personalty. This rule of the passing of title originated from the necessity of the title being in some living person. No such necessity exists in the case of property of persons under guardianship, whether they be minors or incompetents. The title of their property remains in such persons, and never passes to their guardians. Therefore there is no close analogy between the rights and powers of guardians and those of executors and administrators, so far as the title to property of the estates is concerned.

The title to property of persons under guardianship does not pass to the guardians, whether the wards be minors or incompetents. Woerner's Law of American Guardianship, pars. 53 and 137; Re Stude's Estate, 179 Iowa, 785, 162 N. W. 10; Seilert v. McAnally, 223 Mo. 505, 122 S. W. 1064, 135 Am. St. Rep. 522; Title Guaranty and Surety Co. v. Cowen, 71 Okl. 299, 176 P. 563.

The authorities relied upon by appellant's counsel hold that "unless restrained by statute" a guardian may sell the personal property of his ward's estate without order of court. But these authorities do not govern here, as this court has definitely held that such sales are restrained by statute in this state. Washabaugh v. Hall, 4 S. D. 168, 56 N. W. 82; Revised Code of 1919, §§ 3533 and 3420.

In jurisdictions in which the courts hold that guardians cannot sell the personal property of their wards without order of the court, it is also held that guardians cannot bind personal property of their ward's estate by pledge or mortgage, without authorization of the court having jurisdiction in the matter. McCutchen v. Roush, 139 Iowa, 351, 115 N. W. 903; Easterling v. Horning, 30 App. D. C. 225; Los Angeles County v. Winans, 13 Cal. App. 234, 109 P. 640; Bell v. Dingwell, 91 Neb. 699, 136 N. W. 1128; Forster v. Fuller, 6 Mass. 58, 4 Am. Dec. 87; Tenney v. Evans, 13 N. H. 462, 40 Am. Dec. 194; Seilert v. McAnally, 223 Mo. 505, 122 S. W. 1064; Wilson v. McKleroy, 206 Ala. 342, 89 So. 584; Hamilton v. People's National Bank, 259 Pa. 220, 102 A. 877; Rhodes v. Frazier's Estate (Mo. App.) 204 S. W. 547; Wm. Cameron & Co. v. Yarby, 71 Okl. 79, 175 P. 206; Wright v. Atwood, 33 Idaho, 455, 195 P. 625; Kirk v. Mullen, 100 Or. 563, 197 P. 300; Wilson v. Van Horn, 114 Wash. 109, 194 P. 560.

132

These decisions are mostly from jurisdictions in which the statutes are similar to ours, and they amply support the rule that where there are statutory restrictions such as those of our Code, above cited, a guardian can neither sell nor encumber the property of his ward's estate without order of court.

The trial court did not err in directing a verdict for the interveners.

The judgment and order appealed from are affirmed.

BURCH, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.