Argued February 9; Affirmed March 14; rehearing denied
April 18, 1939

## MUTUAL LIFE INSURANCE CO. OF NEW YORK *v.* COLLIER ET AL.

(88 P. (2d) 285)

Department 1.

*Clarence H. Gilbert,* of Portland (Ray D. Shoemaker, of Portland, on the brief), for appellant Eunice Harriett Wilber, individually and as administratrix.

*Borden Wood,* of Portland (McCamant, Thompson, King & Wood and Robert G. Hunter, all of Portland, on the brief), for Mutual Life Insurance Co. of New York.

*Robert F. Maguire,* of Portland, for Lenske.

KELLY, J.  On or about May 7, 1926, plaintiff, The Mutual Life Insurance Company of New York, issued a life insurance policy on the life of Fannie J. M. Madison in the principal sum of $2,000 payable to defendant, Mads S. Madison.  On or about December 22, 1926, as a result of the felonious act of said Mads S. Madison, said Fannie J. M. Madison died in Multnomah County, Oregon.  At and immediately before her death, said decedent was and continuously for sometime had been a citizen, resident and inhabitant of Multnomah County, Oregon.  She died intestate, leaving assets in said Multnomah County.  Her husband, Mads S. Madison, one of the defendants herein, and defendants, Eunice Harriett Wilber, her mother, and Rice W. Wilber, her brother, survive her.

At the time of the death of said Fannie J. M. Madison, said policy of insurance was in full force and effect and provided for payment of double indemnity in the event of death by accident.

The net amount due May 14, 1937, on said policy of insurance was $3,765.88. This sum was deposited in court on May 10, 1937, when plaintiff filed its complaint in interpleader.

In her reply brief, appealing defendant urges that, in arriving at a decision in this case, only two questions need be answered:

Does the record disclose or bring forth a situation that would justify a bill of interpleader?

Did the trial court have jurisdiction, by reason of the stipulation entered into, to entertain the bill, assuming that without such stipulation equity had no jurisdiction?

Two Oregon cases are relied on by appealing defendant in support of her contention that both of these two questions should be answered in the negative. Those cases are *North Pacific Lumber Co. v. Lang & Co.*, 28 Or. 246, 42 P. 799, 52 Am. St. Rep. 780; and *Maxwell v. Frazier*, 52 Or. 183, 96 P. 548, 18 L. R. A. (N. S.) 102.

■ Plaintiff relies upon the doctrine of *North Pacific Lumber Co. v. Lang & Co.*, supra, as to the requisite allegations in a bill of interpleader.

"The allegations such a bill should contain are, in purport, (1) that two or more persons have preferred claims against the complainant; (2) that they claim the same thing; (3) that the complainant has no beneficial interest in the thing claimed; and (4) that he cannot determine without hazard to himself to which the several defendants the thing belongs: * * *." North Pacific Lumber Co. v. Lang & Co. supra.

When we examine plaintiff's complaint, we find that it conforms to these requirements.

■ In effect, plaintiff alleges that it has a fund, being the net proceeds of the life insurance policy in suit, amounting to $3,765.88; that demand therefor was

made on plaintiff by Rice W. Wilber, administrator of the estate of Fannie J. M. Madison, deceased; that appealing defendant had notified plaintiff not to pay said fund to said administrator; that defendant R. G. Lenske served on plaintiff a notice and claim of lien in the amount of $912.50 against said fund; that the defendants and each of them claim some right, title or interest in, to or under said life insurance policy or the proceeds thereof; and the defendants, or some of them, are threatening to institute an action or actions at law against plaintiff for or on account of said alleged claim or claims; that plaintiff stands indifferent between the respective claims of the defendants and between the said defendants, and is a mere stakeholder of the net proceeds of said life insurance policy; but in view of the matters and things alleged in said complaint, plaintiff cannot distinguish or determine to whom and in what amounts it can safely pay over said proceeds.

It is obvious, therefore, that, tested by the rule announced in *North Pacific Lumber Company v. Lang*, supra, the complaint is sufficient.

It is urged that it is not sufficient for the plaintiff merely to make the allegations pointed out in the opinion in said last named case; but these allegations must be true. In her answer appealing defendant expressly admits these allegations of plaintiff's complaint. The admission set forth in appealing defendants' answer and also the admission appearing in defendant Lenske's answer of these allegations render such allegations admitted facts in the case.

Appealing defendant also urges that interpleader will not lie if all the defendants default. In the instant case, all of the defendants did not default. Appealing defendant, individually, and in her capac-

ity as administratix, and defendant, Lenske, filed answers. They also joined with plaintiff in a written stipulation that a decree might be entered, and the same was entered providing for a surrender of the said policy of life insurance to the clerk of the court for delivery to the plaintiff for cancellation; exonerating and discharging plaintiff from further liability to defendants, or any of them, and discharging and satisfying said policy of life insurance and plaintiff's liability thereunder; allowing to plaintiff from said fund, then in the hands of the clerk of the court, $150 attorneys' fees and plaintiff's costs and disbursements; and authorizing the said clerk to pay said attorneys' fees and costs and disbursements by executing a check on said fund in favor of plaintiff's attorneys.

■ That order, expressly consented to by appealing defendant and defendant Lenske, terminated the case as far as plaintiff is concerned; and the same is not an appealable order.

We hold, therefore, that the record does disclose a situation justifying a bill of interpleader; that the court had jurisdiction by reason of the admitted facts set forth in plaintiff's complaint; and that the consent decree exonerating plaintiff is not appealable.

In *North Pacific Lumber Co. v. Lang,* supra, the plaintiff attempted to oblige claimants to the fund to interplead with other persons who set up claims against the holder of the fund for unliquidated damages arising from a tort. In that case, originally there were three other defendants besides Bergman and Luckman, namely: Callender, Lang & Co. and Matthieson. Callender defaulted. Lang & Company claimed the whole fund consisting of $328 and Matthieson claimed $40. The result on appeal was a dismissal of the complaint in interpleader as to defendants Bergman and Luck-

man, and a holding that as to the other defendants the bill was properly filed.

*Maxwell v. Frazier,* supra, cited by appealing defendant, is a case wherein the plaintiff made a contract with one real estate agent to find for him a purchaser for certain real property; and then made another contract of similar import with a different real estate agent. Both agents claimed a commission upon the sale which was consummated. This court held that to support a complaint in interpleader, " 'It is essential to the right to file the bill that there be two or more claimants to the fund in dispute capable of interpleading and settling the matter between themselves.' * * * The issues must be between the defendants as to their right to the same specific thing or fund and not an issue with the plaintiff as to separate claims against him.''

The case is not in any respect similar to the one at bar. In the Maxwell-Frazier case each defendant had a separate claim against the plaintiff. There was no relationship between the defendants by which their rights could be adjudicated without reference to the plaintiff. In the case at bar, each of the appearing defendants had a claim upon the fund which plaintiff deposited in court, but neither of them had any claim against plaintiff. The adjudication of defendants' claims had no effect upon plaintiff whatever; it merely determined what part of the fund should be awarded to one defendant, and in determining that it thereby adjudged how much of the fund the other defendant should receive.

■ Appealing defendant urges that her codefendant, Lenske, could not acquire an enforcible claim upon the fund in suit. He was retained upon a contingent basis

to secure for Mrs. Wilber the fund in suit. He caused letters of administration to be issued in the matter of the estate of the insured. Through him demand was made upon the insurance company for the claim. In a word, he did all that his contract of employment required as far as Mrs. Wilber would permit. The trial court found in effect that Mrs. Wilber was not justified in preventing Mr. Lenske from fully performing his contract as her attorney.

We think that the equities are with defendant Lenske. Whether his claim is supported as an equitable assignment, or on the ground that he had become an equitable owner of a part of the fund in suit or held an equitable interest therein, we concur with the learned trial judge in the award to defendant, Lenske, of twenty-five per cent of the fund to-wit: $939.22.

An interesting annotation appears in Vol. 2, A. L. R. 454, et seq., dealing with this question. It will be noted that the authorities are not harmonious; but this court had indicated that upon well known principles of equity, such a claim, as the one at bar, should be upheld: *Niedermeyer, Inc. v. Fehl*, 153 Or. 656, 666, 57 P. (2d) 1086.

In the Niedermeyer-Fehl case, the firm of Kelly & Kelly, attorneys at Medford, had performed various legal services for the appellant Fehl. The mandate on appeal, which those attorneys had secured, however, was not entered by the trial court. Speaking through Mr. Justice Bean, this court said:

"The question to be determined is, was the fund recovered by the labor and skill of attorneys Kelly and Kelly? The form or condition of the decree or judgment is not material. This is a suit in equity, and equity will consider that done which ought to have been done, and will consider the fund in question the same as though the mandate of this court had been regularly

entered and the decree carried out by a regular entry of a proper judgment and decree in the circuit court.''

The cases to the contrary cited and reviewed in the above mentioned annotation in 2 A. L. R. at 454, et seq., are: *Martinez v. Vives,* 32 La. Ann. 305; *Gillette v. Murphy,* 7 Okla. 91, 54 P. 413; *McRea v. Warehime,* 49 Wash. 194, 94 P. 924; *Plummer v. Great Northern R. Co.,* 60 Wash. 214, 110 P. 989, 31 L. R. A. (N. S.) 1215, and the reported case of *Nichols v. Orr,* 63 Colo. 333, 166 P. 561, 2 A. L. R. 449.

Those there cited in accord with the holding herein and in *Niedermeyer, Inc., v. Fehl,* supra, are: *Hawk v. Ament,* 28 Ill. App. 390; *Weeks v. Wayne Circuit Judges,* 73 Mich. 256, 41 N. W. 269; *Grand Rapids and I. Ry. Co. v. Cheboygan Circuit Judge,* 161 Mich. 181, 126 N. W. 56, 137 Am. St. Rep. 495; *Dreiband v. Candler,* 166 Mich. 49, 131 N. W. 129; *Schubert v. Herzberg,* 65 Mo. App. 578; *Bent v. Lipscomb,* 45 W. Va. 183, 72 Am. St. Rep. 815, 31 S. E. 907; *Curtis v. Metropolitan St. Ry. Co.,* 118 Mo. App. 341, 94 S. W. 762; *Texas Cent. R. Co. v. Andrews,* 28 Tex. Civ. App. 477, 67 S. W. 923; *C. W. Hahl & Co. v. Hutcheson, Campbell & Hutcheson,* (Tex. Civ. App.) 196 S. W. 262; *Coughlin v. N. Y. Co. and H. R. R. Co.,* 71 N. Y. 443, 27 Am. Rep. 75; *Ives v. Culton,* (Tex. Civ. App.) 197 S. W. 619, affirmed 229 S. W. 321; *Wright v. Wright,* 70 N. Y. 99; *Patten v. Wilson,* 34 Pa. 299.

A further annotation on the subject appears in 19 A. L. R. 399 et seq.

For the reasons stated the appeal herein is dismissed as to plaintiff; and as to defendant Lenske, and appealing defendant Wilber, the decree of the circuit court is affirmed.

RAND, C. J., and LUSK and ROSSMAN, JJ., concur.