[No. 9661-3-I.   Division One.   September 13, 1982.]

BARNEY, CROMWELL, WEINER & MENDOZA, P.S., *Plaintiff,*
v. ALLA V. KREIDER, *Defendant,* SCHWEPPE,
DOOLITTLE, KRUG, TAUSEND & BEEZER,
*Respondent,* HARVEY GORDON,
*Appellant.*

*Harvey Gordon,* pro se.

*James M. Rupp,* for respondent.

CORBETT, J.—Harvey Gordon appeals a partial summary judgment in favor of the Schweppe law firm (Schweppe) and the denial of his own motion for summary judgment. We affirm.

Warren A. Doolittle (Doolittle), a partner in the Schweppe firm, represented Alla V. Kreider (Kreider) in an action against Satellite Services, Inc. (Satellite). After a decision in Kreider's favor, Doolittle filed a notice of claim of lien for attorneys' fees.[1] Schweppe concedes that it filed

---

[1]Attorneys' liens are authorized by RCW 60.40.010, which states, in pertinent part:

"An attorney has a lien for his compensation, whether specially agreed upon or implied, as hereinafter provided: . . . (3) upon money in the hands of the adverse party in an action or proceeding, in which the attorney was employed, from the time of giving notice of the lien to that party; (4) upon a judgment to the extent of the value of any services performed by him in the action, or if the services were rendered under a special agreement, for the sum due under such agreement, from

the first claim of lien just before the written judgment was filed, both on July 31, 1978. Subsequently, on or about January 18, 1979, Doolittle filed a second claim of lien for services rendered after the first claim. A third claim of lien was filed on March 31, 1980, to reflect credit for partial payment and the total amount of fees then owing.

Satellite attempted to satisfy the judgment by paying into court a cashier's check made payable to Kreider and Doolittle. Satellite then commenced this action under RCW 4.08.160 against Kreider, Schweppe and Gordon to determine their conflicting claims to the funds held by the court. Gordon claimed priority over Schweppe based upon his status as a prior judgment creditor of Kreider and upon a writ of attachment he obtained on October 24, 1980, against the check, pursuant to RCW 7.12.190. Schweppe claimed priority over Gordon by reason of its claim of attorneys' lien, and cross-claimed against Kreider for attorneys' fees and costs in the earlier action against Satellite. Schweppe and Gordon each moved for summary judgment. The trial court held that the attorneys' lien had priority over Gordon's unsatisfied judgment or attachment, and ordered that the monies received from Satellite be applied to payment of the attorneys' lien in such amount as thereafter to be judicially determined. The order granting partial summary judgment in favor of Schweppe was subsequently certified as a final judgment as to the claims between Gordon and Schweppe, pursuant to CR 54(b).

■ Gordon contends that the claim of attorneys' lien is void under RCW 60.40.010(4) because it was filed before the judgment was entered. He cites *Cline Piano Co. v. Sherwood*, 57 Wash. 239, 106 P. 742 (1910), which held that an attorney's lien upon a judgment "cannot attach until the written judgment is formally entered." *Cline,* at 242. He

---

the time of filing notice of such lien or claim with the clerk of the court in which such judgment is entered, which notice must be filed with the papers in the action in which such judgment was rendered, and an entry made in the execution docket, showing name of claimant, amount claimed and date of filing notice."

dismisses the second and third claims of lien as amendatory of the original and, therefore, affected by its infirmity. No authority is cited to support this contention. We find that the third amended and revised claim of lien is complete on its face, complies with subsection 4 of the statute, and appears to have been properly docketed by the clerk as a valid claim of lien filed after the judgment was entered. The trial court correctly held that the attorneys' lien had priority over the attachment, which was not filed until more than 6 months later.

Gordon also argues that the claim of lien is void because it does not identify the property subject to lien.[2] He cites, for example, the early case of *Dexter v. Olsen,* 40 Wash. 199, 200, 82 P. 286 (1905), where a notice of lien upon farm products was held insufficient because it only described 850 sacks of wheat raised on certain described real property. In voiding the lien claim, the court noted that the whereabouts of the wheat was not indicated. There is no uncertainty here as to the whereabouts of the funds or the amount claimed. The claim of lien was sufficiently definite to permit the clerk to note the claim in the execution docket, as the statute requires. Claims under subsection 4 of the attorneys' fee statute need only comply with that statute and are, therefore, distinguishable from claims of lien authorized by other statutes against specific property.

Finally, Gordon contends that the attorneys' lien was waived because Doolittle failed to reserve the liens from the judgment and from the hands of the adverse party to the judgment proceeds, citing *Jensen v. Kohler,* 93 Wash. 8,

---

[2]The third claim of lien filed by Schweppe states in pertinent part:

"NOTICE IS HEREBY GIVEN that, without waiving any rights or priorities in the first and second attorneys' liens previously filed in this matter under dates of July 28, 1978 and January 18, 1979 by the undersigned as attorneys for plaintiff Alla V. Kreider, and to properly reflect credit for partial payment made to the undersigned by Alla V. Kreider, the firm of Schweppe, Doolittle, Krug, Tausend & Beezer hereby claims its Amended and Revised Third Lien for legal services rendered by said firm to Alla V. Kreider herein through December 1, 1979, in the amount of $4,143.78, which amount is reasonable, due and unpaid and for which demand has been made and payment refused."

159 P. 978 (1916). We find no waiver, for, unlike the cited case, there was here no stipulation by Doolittle which could be construed as being a waiver of the attorneys' lien.

Because we find the claim valid under subsection 4, we do not reach the issue of whether the claim was also valid pursuant to subsection 3, or the issues related to notice under that subsection. *See* Stevens, *Our Inadequate Attorney's Lien Statutes—A Suggestion,* 31 Wash. L. Rev. 1, 11–13 (1956); *McRea v. Warehime,* 49 Wash. 194, 196–97, 94 P. 924 (1908).

The trial court correctly determined that the Schweppe claim of attorneys' lien was valid and prior to Gordon's attachment of the money held by the clerk to satisfy the judgment of Kreider against Satellite. Nothing in this opinion affects the merits of the cross claim by Schweppe against Kreider as this issue is not before us on review.

Affirmed.

ANDERSEN, C.J., and SWANSON, J., concur.

Reconsideration denied November 12, 1982.

Review denied by Supreme Court February 4, 1983.