[No. 19364-3-I.   Division One.   June 13, 1988.]

WAYNE JONES, *Plaintiff*, v. INTERNATIONAL LAND CORPORA-
TION LTD., ET AL, *Defendants,* MICHAEL HUNSINGER,
*Appellant,* TRAVEL HOUSE, INC.,
*Respondent.*

*Michael D. Hunsinger* and *Neubauer & Hunsinger,* for
appellant.

*Curtis J. Coyne* and *Brothers & Coyne,* for respondent.

WINSOR, J.—The lawyer of a judgment creditor appeals
from a ruling that a creditor of his client who had obtained
a restraining order effectively attaching the judgment had

priority over the lawyer's subsequently filed attorney's lien. We affirm.

On March 1, 1984, Wayne Jones retained the law firm of Neubauer & Hunsinger to represent him in his claim against International Land Corporation (International) and in a claim against him by Travel House, Inc. (Travel House). A retainer agreement provided for compensation on a contingency basis, plus fees and costs, for representation in the action against International. Hunsinger billed Jones on an hourly basis for the Travel House action.

On May 29, 1984, Travel House was awarded a judgment against Jones for $6,755.12. Jones failed to pay Hunsinger for his representation in that action. In June of 1984, Travel House contacted Hunsinger concerning satisfaction of the judgment. Jones refused to pay, so in December 1984, Travel House told Hunsinger that it intended to seize through supplemental proceedings the proceeds of Jones' claim against International.

In 1984, Jones sued International and on April 8, 1986, was granted an arbitration award in the amount of $8,205.80. The 20–day appeal period expired on April 28, and on May 12, 1986, judgment against International was entered.

As of April 11, 1986, Jones owed Travel House $8,547.94 for the 1984 judgment. On that day, pursuant to supplemental proceedings statutes, Travel House obtained a superior court order restraining International from any disposition or payment of funds to Jones or his attorneys until the judgment against Travel House was satisfied.

On May 5, 1986, Hunsinger filed an attorney's lien under RCW 60.40.010(3) and (4) in the action against International. The trial court held that the subsection 3 lien became effective on May 6, 1986, when it was served on International and that the subsection 4 lien became effective upon entry of judgment on May 12, 1986.

On June 2, International paid $8,499.80 to the clerk of

the court and Hunsinger entered a satisfaction of judgment on behalf of Jones for the action against International. On June 5, the clerk paid the money to Travel House.

After the funds in dispute were paid to Travel House, Hunsinger personally entered the International cause of action as a third party plaintiff under the supplemental proceedings statute, RCW 6.32.070, to contest the ownership of the funds. The trial court ruled that Travel House had, by obtaining the restraining order in supplemental proceedings, in effect obtained an attachment of funds as of April 11, 1986, that was first in time and superior to Hunsinger's attorney's lien that became effective May 12, 1986.

Hunsinger assigns error to the trial court's holding that his attorney's lien on the judgment against International for services rendered did not have priority over the claim against the judgment by Travel House. Hunsinger asserts that his lien, when filed, related back and became effective on the date he agreed to represent Jones in the personal injury action against International. Any other interpretation, Hunsinger claims, would render attorney's liens a defective means for ensuring payment of fees in a successful action. Hunsinger argues that subsection 3 of RCW 60.40.010 does not allow filing of a lien prior to judgment because the amount of his fee was contingent on the amount of the recovery, and that subsection 4 provides only for a lien on a judgment.

Travel House responds that subsection 3 authorizes an attorney's lien on money in the hands of an adverse party, and that the lien can be filed prior to judgment, even for fees determined on a contingent basis; but if not, lawyers must seek redress from the Legislature, as there is no common law right to such liens.

The statute authorizing attorney's liens is RCW 60.40-.010, which states:

> An attorney has a lien for his compensation, whether specially agreed upon or implied, as hereinafter provided:
> (1) Upon the papers of his client, which have come into

his possession in the course of his professional employment; (2) upon money in his hands belonging to his client; (3) upon money in the hands of the adverse party in an action or proceeding, in which the attorney was employed, from the time of giving notice of the lien to that party; (4) upon a judgment to the extent of the value of any services performed by him in the action, or if the services were rendered under a special agreement, for the sum due under such agreement, from the time of filing notice of such lien or claim with the clerk of the court in which such judgment is entered, which notice must be filed with the papers in the action in which such judgment was rendered, and an entry made in the execution docket, showing name of claimant, amount claimed and date of filing notice.

This statute, in existence since 1881, provides a delineated and limited statutory attorney's lien designed to be a tool in the collection of fees. The statute, in part, is merely declaratory of the general or retaining lien recognized at common law. This possessory and passive lien gives an attorney the right to retain papers and documents. The statute, however, also goes beyond the common law in recognizing the special or charging lien. *See Ross v. Scannell,* 97 Wn.2d 598, 604, 647 P.2d 1004 (1982). Subsections 1 and 2 are not relevant to this action.

### SUBSECTION 3

Contrary to Hunsinger's assertions, subsection 3 allows a lawyer to file a lien for compensation on money in the hands of the adverse party prior to the rendering of a judgment. The lien becomes effective upon serving of written notice upon the adverse party, *McRea v. Warehime,* 49 Wash. 194, 196–97, 94 P. 924 (1908), and may be for fees determined on a contingency basis, *see McRea v. Warehime, supra; Plummer v. Great Northern Ry.,* 60 Wash. 214, 110 P. 989 (1910).

Subsection 3 authorizes prejudgment liens. In *Plummer v. Great Northern Ry., supra,* an injured employee hired a lawyer on a contingent fee basis to represent him in an

action against his employer. While the proceedings were pending the parties settled the claim. No provision was made to pay the lawyer. The lawyer brought an action against the employer to recover fees, averring he had a lien on the settlement. The court reversed the trial court's allowance of fees, holding that subsection 3 of what is now RCW 60.40.010 is the only applicable authorization for a lien, and said, "in order for a lien to arise from notice under this statute, there must be an action or proceeding *pending* against the adverse party". (Italics ours.) *Plummer,* at 217. The language of the statute "presupposes an action or proceeding pending in a court." *Plummer,* at 217.

*McRea v. Warehime, supra,* involved similar facts. The parties to an action settled without providing for the prevailing party's attorney's fees. The lawyer sought to overturn the settlement and litigate the claim in the interest of collecting his fees. In addressing the issue of whether a party can settle the case without the consent of counsel, the court also considered whether the lawyer could have protected himself by asserting a lien for his fees. The court said that subsection 3 provided a specific manner for a lawyer to assert a lien upon money in the hands of the adverse party that comprises the subject matter of the action. 49 Wash. at 196–97. Because the lawyer had had the means to secure his fees, the court affirmed the settlement and denied authority to the lawyer to litigate the action over his client's objection.

Moreover, courts should construe a statute so as to give effect to all of its provisions. *E.g., In re Estate of O'Brien,* 109 Wn.2d 913, 918, 749 P.2d 154 (1988); *Avlonitis v. Seattle Dist. Court,* 97 Wn.2d 131, 138, 641 P.2d 169, 646 P.2d 128 (1982). To hold that a subsection 3 lien cannot be filed prior to judgment would mean that it can only be filed on the judgment, rendering it superfluous in light of subsection 4, which expressly authorizes a lien on a judgment.

See *infra.* We hold that subsection 3 authorizes a prejudgment lien against the funds in the hands of the adverse party that comprise the subject matter of the action.[1]

Hunsinger's only claim with respect to subsection 3, in addition to his contingent fee contention, is to assert: "Nor could the law firm file an attorney's claim of lien under Subsection (3) until June 2, 1986 [the date the satisfaction of judgment was entered], because until then there was no 'money in the hands of the adverse party'." He offers no elaboration or authority for this assertion. Furthermore, his contention that he could not have filed a lien prior to judgment because of his contingent fee agreement with Jones ignores *McRea* and *Plummer.* Hunsinger does not provide any argument disputing that a subsection 3 lien is inherently a prejudgment lien.

Hunsinger misconstrues a number of cases. *Barney, Cromwell, Weiner & Mendoza, P.S. v. Kreider,* 32 Wn. App. 904, 650 P.2d 1133 (1982), *review denied,* 98 Wn.2d 1019 (1983), for example, does not stand for the proposition that an attorney's lien necessarily takes priority over a judgment creditor. In *Kreider,* a lawyer filed a series of three liens against a judgment in favor of his client, Alla Kreider. The first lien was filed prior to entry of the judgment. Seven months after the filing of the last lien, a prior judgment creditor of Kreider obtained a writ of attachment pursuant to former RCW 7.12.190 against the judgment funds, which were in escrow. The court found that the third

---

[1]There is contrary language in *Ross v. Scannell, supra. Ross* addressed the issue of whether an attorney's lien may attach to real property. The court compared the attorney's lien laws of various states, noting that some allow liens on a client's cause of action and the judgment, but stating that Washington recognizes a charging lien on the judgment only. 97 Wn.2d at 604–05. This language is dicta and appears to have limited application. Prefacing this statement in the opinion is a description of the charging lien recognized by the Washington statute. The court observed: "This lien is upon the judgment obtained for the client as a result of the attorney's professional services to secure his compensation. RCW 60.40.010(*4*)." (Italics ours.) *Ross,* at 604. The court ignored subsection 3 and the above noted authorities in its discussion of the attorney's liens authorized by the statute. In light of the authorities noted above and the language of subsection 3, we do not read the *Ross* dicta as applying to subsection 3.

lien was complete and proper under RCW 60.40.010(4) and therefore had priority over the subsequently filed attachment. The court did not reach the question of whether the prejudgment lien was void, as asserted by the judgment creditor. *Kreider,* at 906–07.

Appellant cites *Cline Piano Co. v. Sherwood,* 57 Wash. 239, 106 P. 742 (1910), for the proposition that a lien may not attach prior to entry of judgment. The lawyer in *Cline* filed a lien with the court after the trial judge announced a judgment from the bench. The parties, however, then settled the case and the judgment was never entered. In holding that an attorney's lien must be filed after entry of a judgment, the *Cline* court considered only the language contained in what is now subsection 4, which provides only for liens on judgments, see *infra.* The lawyer did not file and serve on the adverse party a subsection 3 lien, so the court did not address whether such a lien could be filed prior to entry of judgment.

## SUBSECTION 4

There is no dispute that subsection 4 authorizes a judgment lien effective only after entry of the judgment. *See Ross,* 97 Wn.2d at 604; *Cline Piano Co.,* 57 Wash. at 242.

■ Hunsinger claims that the drafters of the statute must have intended for an attorney's lien on a judgment to have priority over a creditor's prior–in–time lien. He argues that, since the statute precludes attorneys from filing liens prior to entry of judgment, attorneys would be unable to secure their fees by means of their clients' favorable judgments unless their liens were given priority over other previous liens. His contention incorrectly assumes that the statute does not allow attorneys to file liens prior to judgment. Since we have now held that subsection 3 of the statute does allow a prejudgment lien, there is no reason to presume that an attorney's lien should not be subject to the usual "first in time, first in right" rule for competing liens. *See, e.g., Homann v. Huber,* 38 Wn.2d 190, 197, 228 P.2d 466 (1951); *Mahalko v. Arctic Trading Co.,* 29 Wn. App.

411, 414, 628 P.2d 859 (1981), *rev'd on other grounds,* 99 Wn.2d 30, 659 P.2d 502, 41 A.L.R.4th 280 (1983).

Moreover, the court in *Humptulips Driving Co. v. Cross,* 65 Wash. 636, 118 P. 827 (1911) held contrary to Hunsinger's contention. In *Humptulips* a judgment creditor assigned his right to the judgment before his lawyer filed a lien under subsection 4. The lawyer appealed the trial court's finding that the assignment had priority. The reviewing court ruled that, although the right to claim an attorney's lien exists before filing, there is no lien until it is properly filed. *Humptulips Driving Co.,* at 638. Furthermore, the right to an attorney's lien rests solely on the statute, and there is no common law or equitable right to a lien. *Humptulips Driving Co.,* at 638. The opinion cited with approval *Ward v. Sherbondy,* 96 Iowa 477, 65 N.W. 413 (1895), which concerned a statute substantially similar to RCW 60.40.010 and facts similar to the instant case. The *Ward* court held that a lien of a garnishing creditor is effective against a subsequent attorney's lien on the judgment; that the statute does not extend the common law but instead replaces it; that the attorney did not have an equitable lien; that the statute provides for the only lien to which an attorney is entitled; and that to obtain it he must comply with its requirements. *Humptulips Driving Co.,* at 639. The *Humptulips* court rejected the contention that lawyers may have a common law or an equitable lien for fees upon judgments they recover. *Humptulips Driving Co.,* at 639. The court concluded: "If it be suggested that this interpretation works a hardship upon deserving counsel, we answer: *Ita lex scripta est* [So the law is written]." *Humptulips Driving Co.,* at 640.

In sum, the only attorney's liens available in this state are those authorized by RCW 60.40.010. Subsection 3 provides for prejudgment liens on money in the hands of the adverse party that comprises the subject matter of the action; subsection 4 permits liens on the judgment.

Hunsinger failed to utilize his right under subsection 3 to obtain a lien on the funds in the hands of International

early in the action. Instead, he waited until after the expiration of the 20–day appeal period following the arbitration award against International. He filed subsection 3 and 4 liens on May 5, 1986, which was prior to entry of the judgment. The subsection 3 lien became effective on May 6 when he served it on International. The subsection 4 lien became effective the day the judgment was entered, May 12. However, Travel House had priority over the liens pursuant to the restraining order in supplemental proceedings entered on April 11. Hunsinger failed to protect his right to a prejudgment lien on funds held by International by filing and serving a subsection 3 lien prior to April 11. The trial court properly held that Travel House's restraining order had priority over Hunsinger's liens to the judgment against Jones.

Travel House asserts that it is entitled to lawyers' fees on appeal under RCW 4.84.250 *et seq.* These sections provide for fees in actions for damages under $10,000. We do not reach the issue of whether this case is an "action for damages" because Travel House has failed to comply with RAP 18.1.

Affirmed.

COLEMAN, A.C.J., and SWANSON, J., concur.