[No. 9593–2–III.   Division Three.   July 13, 1989.]

THE STATE OF WASHINGTON, *Plaintiff*, v. A.N.W. SEED CORPORATION, ET AL, *Appellants*, DONALD SWANGLER, ET AL, *Respondents*.

*Arthur Eggers* and *Kargianis, Austin & Erickson,* for appellants.

*John Gilreath* and *Cone, Gilreath & Korte,* for respondents.

GREEN, J.—An order was entered disbursing funds on deposit in the registry of the court in an action between the State of Washington and the Kilthaus to intervenors Donald Swangler and Bob Dodge, who garnisheed the funds. The attorneys for the Kilthaus, who had filed an attorney's lien against the funds after they were garnisheed, appeal. We affirm.

In 1984 the State of Washington obtained a default judgment in Yakima County under the Consumer Protection Act against Kilthaus d/b/a A.N.W. Seed Corporation. During the Kilthaus' appeal from that judgment, the State executed on and sold certain property belonging to Kilthaus at a sheriff's sale for $16,588.50. Thereafter, this court vacated the default judgment, *State v. A.N.W. Seed Corp.,* 44 Wn. App. 604, 722 P.2d 815 (1986), and on remand the Kilthaus prevailed. The State then deposited the sale proceeds in the registry of the court. The Kilthaus then asserted a claim against the State contending the property

was sold for less than fair market value. While this claim was pending, the funds remained on deposit.

Meanwhile on December 17, 1984, Donald Swangler and Bob Dodge in an unrelated action obtained a judgment against Kilthaus in Kittitas County. On June 25, 1986, they garnisheed the funds on deposit in the Yakima County action between the State and the Kilthaus. On July 17 Messrs. Swangler and Dodge petitioned to intervene in the Yakima action. Their petition recited the Kittitas County judgment, the $16,588.50 deposit in court, their June 1986 garnishment and requested:

> If the Court determines that all or any portion of said funds belong to defendants KILTHAU, the intervenors pray that the same not be disbursed by the Clerk of the Court to them but instead disbursed to intervenors for application on their Judgment.

The intervention was allowed on July 14, 1986.

On July 27, 1987, the Kilthaus and the State stipulated in open court that the $16,588.50 on deposit with the court was the property of the Kilthaus. On August 11 Messrs. Swangler and Dodge again garnisheed these moneys. Thereafter, on August 17 Kilthaus' counsel filed an attorney's lien for $48,819.90. The court issued a memorandum decision on September 10 in which it determined the fair market value of the property sold by the State was $57,631.50 and awarded a judgment for the Kilthaus in that amount less certain adjustments and the $16,588.50 deposited into the court.

On March 1, 1988, and again on June 10, Messrs. Swangler and Dodge moved the court for an order disbursing the funds in the registry of the court to them as intervenors and garnishors. A hearing on these motions was properly noted for September 2. On that date, only Messrs. Swangler and Dodge appeared and after entering findings of fact and conclusions of law, the court entered an order disbursing $14,817.22 to them. Certain deductions in favor of other interests were made in arriving at this figure. The court in conclusion of law 7 stated:

That intervenors, Swangler and Dodge's, intervention in the above entitled matter on the 16th day of July, 1986 is, in effect, an "attachment" of the *in custodia legis* funds held by the Yakima County Superior Court Clerk in accordance with the reasoning of *Jones v. International Land Corp.*, 51 Wn. App. 737 [755 P.2d 184] (1988) and, as such, has priority over any subsequently filed attorney's lien.

Kilthaus then initiated this appeal contending the court erred by (1) disbursing the funds before a final judgment was entered, and (2) determining that Messrs. Swangler and Dodge's intervention was in effect an attachment giving them priority over the attorney's lien. We do not find these contentions meritorious.

▉▉ The first contention overlooks the stipulation made in open court that the money on deposit was the property of the Kilthaus. Stipulations are binding on the parties when there is no fraud, mistake, misunderstanding or lack of jurisdiction. *Washington Asphalt Co. v. Harold Kaeser Co.*, 51 Wn.2d 89, 316 P.2d 126, 69 A.L.R.2d 752 (1957); *Snyder v. Tompkins*, 20 Wn. App. 167, 173–74, 579 P.2d 994, *review denied*, 91 Wn.2d 1001 (1978). *See Maryhill Museum v. Emil's Concrete Constr. Co.*, 50 Wn. App. 895, 905, 751 P.2d 866, *review denied*, 111 Wn.2d 1009 (1988). Such is the case here. In light of the stipulation, disposition of those funds was of no moment to the only remaining issue, *i.e.*, whether the Kilthaus were entitled to an additional recovery on the basis the property was sold for less than its fair market value. Thus, the entry of a judgment in the main action would have no effect upon the parties' agreement as to the ownership of the funds on deposit with the court.

▉▉ The Supreme Court's decision in *Maybee v. Machart*, 110 Wn.2d 902, 904–05, 757 P.2d 967 (1988), while distinguishable, is instructive regarding distribution of those funds:

The general rule is that property which is in custodia legis is not subject to garnishment. *Russell & Co. v. Millett,* 20 Wash. 212, 215, 55 P. 44 (1898); 6 Am. Jur. 2d *Attachment and Garnishment* § 202 (1963).

The purpose of the custodia legis principle is to preserve the jurisdiction of the court which has possession of the funds. When the purpose of the custody of the law has been accomplished and *a party has become entitled to payment or possession without further action by the court,* those funds are subject to garnishment. Thus, *where the court has directed by order that the funds be paid to a particular litigant, they are properly subject to garnishment.*

(Citations omitted. Italics ours.) The situation here is analogous. The parties' stipulation determined ownership of the funds. That ownership having been established, the property vested in the Kilthaus without further court decision. Only the issue of priority between Messrs. Swangler and Dodge and the attorney's lien remained to be decided. The September 2 hearing properly determined that priority in favor of Messrs. Swangler and Dodge. They filed a garnishment on August 11, 1987, *after* the stipulation, but *prior* to the August 17 filing of the attorney's lien by Kilthaus' counsel. The garnishment was "first in time" and therefore prevailed over the attorney's lien. *See Jones v. International Land Corp.,* 51 Wn. App. 737, 743, 755 P.2d 184 (1988). Thus, we conclude the Kilthaus' contention this determination could not be made prior to final judgment is not meritorious under the facts presented here. Our decision does not affect the status of the attorney's lien insofar as the judgment is concerned.

In light of our holding, we need not reach the question of whether the act of intervention by Messrs. Swangler and Dodge was a priority–creating event.

Affirmed.

Munson, A.C.J., and Shields, J., concur.